In re CEMENT–CONCRETE BLOCK,
CHICAGO AREA, Grand Jury
Proceedings.
No. 71 GJ 8001.

United States District Court,
N. D. Illinois, E. D.

Oct. 2, 1974.

———◆———

William J. Scott, Atty. Gen., John P. Meyer, Lee A. Freeman, Lee A. Freeman, Jr., D. Alan Harris, Freeman, Freeman & Salzman, Special Assistants, Chicago, Ill., for petitioners.

Lynne E. McNown, Jenner & Block, Chicago, Ill., for respondents.

John E. Sarbaugh, Pamela A. Nada, Dept. of Justice, Chicago, Ill., for Government.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court pursuant to Rule 6(e), F.R.Crim.P., and Local Criminal Rule 1.04(e) on the petition of the plaintiffs in State of Illinois, et al. v. Ampress Brick Company, Inc., et al., 73 C 2427 (N.D.Ill., Bauer, J.), seeking access to grand jury transcripts in the possession of the Antitrust Division of the Department of Justice. For the reasons set forth below, the petition shall be granted.

In 1971 and 1972, several federal grand juries impanelled in this district conducted an investigation into possible violations of the antitrust laws in the Chicago area cement-concrete block industry. On April 19, 1973, the April 1973 Grand Jury returned indictments. *See* United States v. Ampress Brick Company, Inc., et al., 73 CR 312 (N.D. Ill. Bauer, J.). Subsequently, all the defendants named in these indictments pleaded *nolo contendere* to the charges with the exception of Chicago Block Co., Inc. which was dismissed from the criminal case on the government's motion. All of the grand juries which participated in this investigation have been discharged, and resulting federal criminal and civil cases have been completed.

During the course of the criminal proceedings, some of the corporate defendants, but not all, elected to have their counsel inspect the grand jury transcripts of their coporate personnel's testimony pursuant to Rule 16(a)(3), F.R. Crim.P., and Local Criminal Rule 2.-04(e). At no time did any defendant or his counsel examine the testimony of another defendant's personnel nor did any defendant or his counsel request or receive copies of grand jury transcripts.

On September 18, 1973, the petitioners, the State of Illinois and numerous agencies and political subdivisions thereof, filed a civil treble damage antitrust suit charging certain defendants in the prior criminal case with participation in an alleged price-fixing conspiracy. State of Illinois, et al. v. Ampress Brick Company, Inc., et al., *supra.* In connection with the civil case, the petitioners have requested this court to direct the Department of Justice "to produce for inspection, all transcripts of grand jury testimony which were made available to defendants in United States v. Ampress Brick Company, Inc., et al., 73 CR 312." Pet. for Production of Grand Jury Transcripts, 1.

The grounds for the petition are:

1) that the disclosures of the transcripts will not invade the secrecy of the grand jury in that the documents have already been inspected by the defendants;

2) that the transcripts are material and relevant to the pending civil antitrust action and their disclosure will further the efficient administration of justice; and

3) that it would be inequitable and adverse to the principles of federal discovery to allow one party access to a government document and not the other.

Respondents, the corporate defendants in the civil antitrust suit, contend:

1) that the petitioners have failed to demonstrate a "compelling necessity" for disclosure as required by the Supreme Court in United States v. Procter & Gamble, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); and

2) that the secrecy of the grand jury proceedings has not been breached.

The government has no objection to the disclosure of those transcripts which were previously inspected by the defendants in the criminal case.

This court recognizes, as it must, the "long established policy that maintains the secrecy of grand jury proceedings in the federal courts." United States v. Procter & Gamble, *supra,* 356 U.S., at 681, 78 S.Ct. at 986. But the policy of secrecy is not absolute and cannot be applied blindly. The Supreme Court has recognized that: "Grand jury testimony is ordinarily confidential. . . . But after the grand jury's

functions are ended, disclosure is wholly proper where the ends of justice require it." United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 233, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940).

In considering applications for disclosure of grand jury transcripts the court's task is to scrutinize the request against the reasons for the rule of secrecy. These reasons are:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." United States v. Amazon Industrial Chemical Corp., 55 F.2d 254, 261 (5 Cir. 1931).

These reasons have been quoted with approval by the Supreme Court. See, e. g., United States v. Procter & Gamble, supra, 256 U.S. at 681 n. 6, 78 S.Ct. 983.

Applying these policy reasons to the facts of this case, it is apparent that the first three reasons are no longer applicable in that the grand jury proceedings and all criminal proceedings arising therefrom have been completed. United States v. Scott Paper Company, 254 F.Supp. 759 (W.D.Mich.1966). The fifth policy reason is no longer relevant because indictments were returned against all the corporate respondents herein. U. S. Industries, Inc. v. United States District Court, 345 F.2d 18 (9th Cir. 1965). The only remaining basis for requiring the continued secrecy of the grand jury transcripts is the fourth, the need to encourage witnesses to testify without the fear of retaliation.

This reason has special relevancy in antitrust suits where witnesses are often employees or even officers of potential defendants. That factor, however, has been partially vitiated because the repondents previously inspected the grand jury transcripts of their employees during the course of the prior criminal proceeding. Any danger of recriminations by these employers would have been effected by the initial disclosure and could not be increased by subsequent disclosure of the same material. There remains, of course, the possibility of retaliation from sources other than the witnesses' employers. This court is of the opinion that this danger may be obviated by limiting the disclosure to the attorneys of record in State of Illinois, et al. v. Ampress Brick Company, Inc., et al., 73 C 2427, for use in that litigation only for the purposes of impeachment, refreshing the witness' recollection and testing credibility.

The foregoing analysis fully comports with the Supreme Court's reasoning in United States v. Procter & Gamble, supra. There, the defendants in a civil antitrust suit brought by the government moved under Rule 34, F.R.Civ.P., for the disclosure of the entire transcript of the grand jury which had investigated the case for possible criminal action. The court held that the defendants failed to establish a "compelling necessity" for such wholesale disclosure sufficient to overcome the long standing policy of secrecy.

One of the considerations that weighed heavily with the Supreme Court was that witnesses in an antitrust suit may be employees or officers of potential defendants, or their customers, competitors or suppliers, and that such witnesses would be subject to retaliation if their testimony was disclosed. By contrast, the danger of reprisals in the instant case is remote and consequently the "compelling necessity" which must

 

be established is proportionately less. Once the reasons for the rule of secrecy lose their relevancy, there is no compelling reason to immunize a witness' prior testimony before the grand jury from later scrutiny. Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476 (1968).

The transcripts sought by the petitioners are material and relevant to the unlawful price-fixing conspiracy alleged in the civil antitrust action. The corporate defendants in that suit have had the opportunity to inspect and analyze those transcripts containing the testimony of their employees. It seems to the court highly inequitable and adverse to the principles of federal discovery to allow the defendants in a civil suit access to grand jury transcripts but not the plaintiffs. It is particularly inequitable when the policy reasons supporting the rule of secrecy have been vitiated by a prior disclosure. U. S. Industries, Inc. v. United States District Court, *supra*.

Therefore, it is the opinion of the court that the ends of justice would be served by the disclosure to the petitioners of those grand jury transcripts previously disclosed to the respondents during the course of the prior criminal proceeding. The disclosure shall be limited to the attorneys of record in the civil suit for use in that litigation only. Further, the transcripts shall be made available to the attorneys for all the defendants in the civil suit.

The initial disclosure shall be made at the Midwest Office of the Antitrust Division of the Justice Department. The parties are directed to prepare a list identifying each transcript they desire and to certify to this court that these transcripts are relevant and germane to the civil antitrust suit. The parties are further directed to submit to this court a protective order incorporating the restrictions imposed by this memorandum. Until such time as this court shall approve a protective order, all transcripts shall remain in the custody of the Antitrust Division.

It is therefore ordered that the petition for production of grand jury transcripts shall be, and the same is hereby, granted in accordance with the conditions imposed by this memorandum.