552 F.2d 768
 1977-1 Trade Cases 61,370
 STATE OF ILLINOIS, Petitioner-Appellant,
v.
John E. SARBAUGH, Chief, Midwest Office, Antitrust Division
of the United States Department of Justice,
Respondent-Appellee,
J. L. SIMMONS COMPANY, INC., et al., Intervenors-Appellees.
 No. 76-1690.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 1, 1976.
Decided April 8, 1977.
 
 Thomas Genovese and Thomas J. DeMay, Asst. Attys. Gen., Chicago, Ill., for petitioner-appellant.
 Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., Carl D. Lawson, Dept. of Justice, Washington, D. C., Richard A. Makarski, Mark P. Cohen, Chicago, Ill., James T. Mohan, Springfield, Ill., Thomas B. Meyer, Danville, Ill., Joseph R. Spitz, Mattoon, Ill., J. W. Fribley, Pana, Ill., Ronald W. Periard, Taylorville, Ill., Stanley B. Block, Chicago, Ill., for intervenors-appellees.
 Before CUMMINGS and TONE, Circuit Judges, and GRANT, Senior District Judge.*
 TONE, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court for the Eastern District of Illinois refusing to permit inspection and copying of grand jury transcripts. Inspection is sought by the State of Illinois, plaintiff in a private treble-damage antitrust action pending in the Southern District of Illinois, for use in connection with that action. Among the defendants in that action are nine corporations indicted by the Eastern District grand jury who, during the pendency of the now-concluded criminal action, obtained copies of the transcripts pursuant to Rule 16(a)(1)(A), Fed.R.Crim.P. We decide that those corporations may intervene in the proceeding, that the order denying inspection is appealable, and that the state should have access to the transcripts subject to certain conditions.
 
 The Criminal Case in the Eastern District
 
 2
 The indictment in the Eastern District charged the corporate defendants, highway construction contractors, and four of their officers with violating § 1 of the Sherman Act, 15 U.S.C. § 1, by submitting rigged bids to the State of Illinois and allocating among the corporate defendants projects let by the state in connection with the construction of an interstate highway. The Eastern District court's inspection order directed the Department of Justice to permit the attorneys for each of the corporate defendants to inspect and copy the transcripts of the grand jury testimony of present or former employees of the corporation who had power to bind it with respect to business activity which was the subject of the indictment. Rule 16(a)(1)(A), Fed.R.Crim.P. Disclosure was made pursuant to the order. Subsequently all the defendants entered pleas of nolo contendere, which were accepted, and judgments were entered and sentences were imposed. The grand jury has long since been discharged.
 
 The Civil Case in the Southern District
 
 3
 The state's treble-damage action in the Southern District was based on the same facts and sought recovery of overcharges resulting from the alleged conspiracy. In addition to the nine companies charged in the Eastern District indictment, five other highway construction companies were named as defendants. The state moved for an order requiring John E. Sarbaugh, Chief of the Antitrust Division's Midwest Office, to produce for inspection and copying grand jury transcripts which had been disclosed to any defendant in the criminal proceeding in the Eastern District, to any defendant in the civil case, or to any person not an attorney or staff member of the Department of Justice. The state also served a request to produce copies of the transcripts on each of the defendants in the civil case and subsequently sought an order compelling production of the copies. The court denied relief, holding that the transcripts were outside the jurisdiction of that court because they related to a grand jury proceeding in another district. The court added:
 
 
 4
 "No expression is intended by this Order on the merits of those requests, only on the matter of the jurisdiction of this Court."
 
 The Proceeding Below
 
 5
 The state then petitioned for the same relief against respondent Sarbaugh in the Eastern District, pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. His response to the petition raised no objection. The state served notice of this petition on the corporate defendants, and, upon their objections to disclosure, the District Court held a hearing at which the corporate defendants were allowed, without objection, to appear and be heard. The District Court then, in the order appealed from, denied the petition, holding that the requisite particularized showing of compelling necessity had not been made. The court, however, ordered the transcripts transferred to the Southern District so they would be available for disclosure by that court if a sufficient showing of necessity were made during the trial.[1]
 
 
 6
 The court also denied a motion by the state for production of documents, in which it sought to inspect all subpoenas and documents in the custody of respondent Sarbaugh which had been collected by the Eastern District grand jury in connection with its highway industry investigation. Respondent Sarbaugh was ordered, however, to return all corporate documents in his possession to the defendants, so those documents would be available for discovery by the state.[2] The ruling on the motion to produce documents is not challenged on appeal.
 
 
 7
 The objectors, designating themselves intervenors and appellees, have moved to dismiss the appeal, and the state has moved to strike the appearances of the intervenors. Both motions were ordered taken with the merits.
 
 
 8
 Consistent with his position before the District Court, respondent Sarbaugh does not oppose the relief sought by the state. Only the intervenors oppose that relief.
 
 I. Intervention[3]
 
 9
 The state contends that the corporations resisting disclosure of the transcripts should not be considered intervenors because they did not comply with the requirements of Rule 24(c), Fed.R.Civ.P., when they appeared in the District Court. Any right the state may otherwise have had to rely on this failure was lost, however, when it did not object on this ground in the District Court. Cf. Klein v. Nu-Way Shoe Co., 136 F.2d 986, 989 (2d Cir. 1943); see 3B Moore's Federal Practice P 24.12(1) at 24-504 (1975). In fact, in the District Court the state asserted no objection whatsoever to the intervenors' appearance. By notifying them of the petition, failing to object to the order inviting them to appear, and never raising any question of their right to appear, the state waived any objection to their intervention.
 
 
 10
 In any event, we think the objecting defendants were entitled to intervene. The Third Circuit reached the opposite result in a per curiam opinion in United States v. American Oil Co., 456 F.2d 1043, 1044 (1972), framing the issue as one of standing and stating that the criminal proceeding had terminated, "the order to produce was not directed to the defendants," and "(t)he government's right in such a situation is not before us." This court, however, in In re Special February 1971 Grand Jury v. Conlisk, 490 F.2d 894 (7th Cir. 1973), decided on its merits a challenge to a disclosure order by witnesses before the grand jury who sought to prevent disclosure of their testimony for use in proceedings against them before a board of inquiry of the Chicago Police Department. The policemen were of course not only parties to the board proceeding but, unlike intervenors here, were themselves witnesses before the grand jury.[4] Yet, if the Third Circuit's reasoning had been applied, they would have lacked standing. Similarly, in In re Holovachka, 317 F.2d 834 (7th Cir. 1963), a witness before the grand jury was given leave to intervene in the district court for purposes of opposing disclosure of his testimony and was heard in this court. While the standing issue appears not to have been raised in either Special February 1971 Grand Jury or Holovachka and was not mentioned in either opinion, there would have been no case before the court in the absence of standing, so the failure to dismiss either appeal is not without significance. Nevertheless, it is appropriate to state our reasons for differing with the Third Circuit.
 
 
 11
 Under Rule 6(e), Fed.R.Crim.P., disclosure of occurrences before the grand jury by attorneys and other described persons may be made "only when so directed by the court." Although the rule does not say so specifically, the reference must be to the court of the district in which the grand jury was convened.[5] See Gibson v. United States, 131 U.S.App.D.C. 143, 403 F.2d 166, 167 (1968). It is that court that has the responsibility for enforcing Rule 6(e) and maintaining the secrecy of the grand jury proceedings.
 
 
 12
 Rule 6(e) also omits to state whether any one is entitled to object to disclosure. As respondent Sarbaugh points out, however, the rule seems to contemplate a proceeding of some kind, judicial proceedings are not normally ex parte, and persons in the situation of the intervenors are likely to be the only ones to object to an order for disclosure. If they are not allowed to appear, the advantages of an adversary proceeding are lost.
 
 
 13
 Applying the standards governing intervention in civil cases, the intervenors have an interest sufficient to satisfy the requirement of standing and to entitle them to intervene. See Rule 24(a)(2), Fed.R.Civ.P. It is true, as the state points out, that the reasons underlying the policy of secrecy do not include protection of indicted persons. See United States v. Procter & Gamble Co., 356 U.S. 677, 681-682 n. 6, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (majority), 405 (Brennan, J., dissenting) (1959); In re Special February 1971 Grand Jury v. Conlisk, supra, 490 F.2d at 895-896. Indicted persons now defending a civil action involving the same facts are, however, among those who would be adversely affected by disclosure of the information, and therefore should have a right to be heard.
 
 
 14
 Finally, at least if the civil case is pending before the court of the district in which the grand jury was convened,[6] essentially the same issue of whether the transcripts which were made available to defendants in the criminal case are subject to discovery for use in the civil case can alternatively be presented in the civil case itself, as it was, for example, in Procter & Gamble, supra. See also State of Texas v. United States Steel Corp., 546 F.2d 626 (5th Cir. 1977). The right of the defendants in the criminal case to be heard on the issue of disclosure should be the same in either proceeding.
 
 
 15
 The motion to strike intervenors' appearances as appellees is accordingly denied.
 
 II. Appealability
 
 16
 As we have noted, Rule 6(e), Fed.R.Crim.P., vests jurisdiction to release the grand jury transcripts in the United States District Court for the Eastern District of Illinois. The instant petition was filed there as an independent proceeding after the discharge of the grand jury and the termination of the criminal action initiated by the indictment. This subsequent independent proceeding was terminated by the District Court's order denying the petition, which "disposes of the contentions of all the parties, leaving nothing else to be decided," "ends the controversy before" the District Court, and is therefore appealable under 28 U.S.C. § 1291. United States v. Byoir, 147 F.2d 336, 337 (5th Cir. 1945); Gibson v. United States, supra, 403 F.2d at 167. Compare, United States ex rel. Hi-Way Electric Co. v. The Home Indemnity Co., 549 F.2d 10, 13 (7th Cir. 1977). An order refusing disclosure (as in Gibson ) was distinguished for purposes of appealability from one that grants disclosure (as in Byoir ) in dictum in Baker v. United States Steel Corp., 492 F.2d 1074, 1078 (2d Cir. 1974). In that case the court held unappealable both an order of disclosure by the court to which grand jury transcripts had been transferred and the transferor court's order of transfer. Compare, however, Judge Lumbard's dissent in that case and In re Biaggi, 478 F.2d 489 (2d Cir. 1973).[7]
 
 
 17
 Our conclusion that the order is final is not altered by the transfer of the documents to the Southern District of Illinois for possible future disclosure in the proceeding pending there. That a court of another jurisdiction in another case may ultimately grant part of the relief denied by the order on the basis of a particularized need appearing later does not render interlocutory an order effectively terminating the proceeding in the Eastern District. We therefore deny the motions to dismiss the appeal.
 
 III. The Merits
 
 18
 Disclosure authority is granted the court in broad terms in Rule 6(e): disclosure outside the criminal proceeding may be made "preliminarily to or in connection with a judicial proceeding." The Supreme Court has declared that the secrecy protected by Rule 6(e) "must not be broken except where there is a compelling necessity," which "must be shown with particularity." United States v. Procter & Gamble Co., supra, 356 U.S. at 682, 78 S.Ct. at 986; Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 399-400, 79 S.Ct. 1237. This standard may have "been eroded to some extent," Baker v. United States Steel Corp., supra, 492 F.2d at 1080 (Lumbard, J., dissenting), by language in Dennis v. United States, 384 U.S. 855, 869-871, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), if not by decisions of lower federal courts led by U. S. Industries, Inc. v. United States District Court, 345 F.2d 18, 21 (9th Cir.), cert. denied, 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965), which held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need."[8] Accord, In re Cement-Concrete Block, Chicago Area, Grand Jury Proceedings, 381 F.Supp. 1108 (N.D.Ill.1974); State of Connecticut v. General Motors Corp., 1974-2 Trade Cases P 75, 138 (N.D.Ill.1974); In re Arizona Dairy Products Litigation, 1976-1 Trade Cases P 60,910 (D.Ariz.1975). Compare also In re Special February 1971 Grand Jury v. Conlisk, supra, 490 F.2d 894, with In re Holovachka, supra, 317 F.2d 834. However this may be, there still exists in civil cases and cases in which disclosure is not provided for as a matter of right in 18 U.S.C. § 3500(e)(3) and Rule 16(a)(1)(A), Fed.R.Crim.P., a requirement that the party seeking disclosure show a need commensurate with the degree of secrecy remaining and the policy reason that justifies protecting that secrecy. The state concedes as much in the case before us.
 
 
 19
 The level of need has been said to diminish as the reason for preserving secrecy becomes less compelling. U. S. Industries, Inc. v. United States District Court, supra, 345 F.2d at 21; see also State of Illinois v. Harper & Row Publishers, Inc., 50 F.R.D. 37, 41 (N.D.Ill.1969). When a grand jury has completed its work and the criminal proceedings initiated by its indictment have been concluded, several of the reasons for secrecy, see United States v. Procter & Gamble Co., supra, 356 U.S. at 681 n. 6, 78 S.Ct. 983, no longer remain.[9] The reason that survives the grand jury's term and the criminal proceeding is the need to protect the grand jury witnesses from retaliation, lest witnesses before future grand juries be inhibited by the knowledge "that the secrecy of their testimony (may) be lifted tomorrow." United States v. Procter & Gamble Co., supra, 356 U.S. at 682, 78 S.Ct. at 986. That is what we are concerned with here.
 
 
 20
 In an antitrust context, the force of this reason is considerably diminished by the disclosure pursuant to Rule 16(a)(1)(A) to the witness' corporate employer, who has greater incentive and power to retaliate than anyone else. Once the employer has the transcript, all that remains of the reason for secrecy is the need to protect the witness, to the extent it is still possible to do so, from potential adverse effects on his future relationships with members of the industry other than his employer. This residual need cannot be dismissed as unworthy of any consideration, cf. Pittsburgh Plate Glass Co. v. United States, supra, 360 U.S. at 400, 79 S.Ct. 1237, but it can be adequately dealt with by a protective order.
 
 
 21
 One additional factor will sometimes narrow the remaining zone of secrecy and further dilute what remains of the reason for secrecy. As illustrated in this case by the disclosure of transcripts by at least one of the intervenors to a co-defendant, the need of joint defendants to cooperate in their common defense will often lead to further disclosures within the group of defendants in the criminal case and sometimes to those who may be added in the civil case. Such further disclosure may, of course, be restricted by court order[10] or, as in State of Texas v. United States Steel Corp., supra,546 F.2d at 628, by voluntary agreement among the defendants not to share the transcripts. When transcripts are shared, however, the group of potential retaliators who do not know of the grand jury testimony is reduced and so is the importance of maintaining secrecy.
 
 
 22
 We are not persuaded, however, by the state's argument, supported by State of Connecticut v. General Motors Corp., supra, 1974-2 Trade Cases P 75,138, that all secrecy was lost in the case at bar as a result of the unconditioned orders for disclosure to the intervenors when they were defendants in the criminal case. Even though those corporations were not restrained by the terms of the orders from disclosing the transcripts indiscriminately, they received disclosure in the exercise of their rights under Rule 16(a)(1)(A) and for use in preparing the defense of the criminal case. Given this and the unlikelihood that the corporations would make further disclosures not related to the defense of litigation, we think there remained a residual secrecy deserving of some protection.
 
 
 23
 Having considered what remains of the reason for secrecy in the case at bar, we turn to the level of particularized need that must be shown to warrant disclosure. Usually, if not invariably, a need for disclosure arises from a litigant's interest in securing accurate and truthful testimony from witnesses. E. g., Dennis v. United States, supra, 384 U.S. at 872-873, 86 S.Ct. 1840. Courts have generally recognized, as the District Court did in the case at bar, that the trial testimony of a witness may give rise to a particularized need for a grand jury transcript of his testimony for use in impeaching him or refreshing his recollection.[11] United States v. Procter & Gamble Co., supra, 356 U.S. at 683, 78 S.Ct. 983. Deposition testimony may also give rise to such a need. Atlantic City Electric Co. v. A. B. Chance Co., 313 F.2d 431 (2d Cir. 1963), cited with approval in Dennis, 384 U.S. at 870 n. 15, 86 S.Ct. 1840; State of Illinois v. Harper & Row Publishers, Inc., supra, 50 F.R.D. at 40-42. If a witness is required to testify publicly about matters previously dealt with in his grand jury testimony, there is little to be said for not allowing the use of his earlier testimony to assure the accuracy of his later testimony. See Baker v. United States Steel Co., supra, 492 F.2d at 1079.
 
 
 24
 The unfairness of permitting one side "to have exclusive access to a storehouse of relevant fact" was another factor bearing on need which was given explicit recognition in Dennis, 384 U.S. at 873, 86 S.Ct. at 1851. See also U. S. Industries, Inc. v. United States District Court, supra, 345 F.2d at 23; In re Cement-Concrete Block, Chicago Area, supra, 381 F.Supp. at 1111. While Procter & Gamble and Pittsburgh Plate Glass teach us this factor is not decisive, it is to be weighed with the degree of secrecy remaining and the possibility of guarding by protective order the interests that secrecy serves to protect.[12]
 
 
 25
 The remaining question is whether, in order to establish particularized need, it must also be shown that the witness' trial or deposition testimony is inconsistent with his grand jury testimony or that his memory has faltered or failed with respect to a matter he was able to recall before the grand jury. If this is necessary, need cannot be shown without the intervention of a judge to read and compare, in camera, the earlier and later testimony. This has been the traditional practice for both trial, see Dennis v. United States, supra, 384 U.S. at 874, 86 S.Ct. 1840, and deposition, see Atlantic City Electric, supra, and Harper & Row,[13] supra, testimony and is the procedure for which the government argued in Dennis. The Supreme Court, however, found it inadequate in the following words:
 
 
 26
 "Trial judges ought not to be burdened with the task or the responsibility of examining sometimes voluminous grand jury testimony in order to ascertain inconsistencies with trial testimony. In any event, 'it will be extremely difficult for even the most able and experienced trial judge under the pressures of conducting a trial to pick out all of the grand jury testimony that would be useful in impeaching a witness.' Pittsburgh Plate Glass, 360 U.S., at 410, 79 S.Ct. at 1237 (dissenting opinion). Nor is it realistic to assume that the trial court's judgment as to the utility of material for impeachment or other legitimate purposes, however conscientiously made, would exhaust the possibilities. In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate." 384 U.S. at 874-875, 86 S.Ct., at 1851.
 
 
 27
 Although Dennis was a criminal case, the quoted passage seems equally applicable to civil cases. Moreover, when the in camera procedure is invoked for deposition testimony, an intolerable burden is often placed on district judges, cf. State of Illinois v. Harper & Row Publishers, Inc., supra, 50 F.R.D. at 40-42.
 
 
 28
 Given the residual reason for secrecy in a case such as this, we believe that a particularized need for the limited disclosure we prescribe below is sufficiently shown if the corporate employer of the grand jury witness whose transcript is sought has obtained a copy of that transcript, and the witness is scheduled to be called to give testimony either at trial or by deposition on the matters about which he testified before the grand jury.
 
 
 29
 The restrictions upon the disclosure which we adopt to protect the remaining limited interest in secrecy are suggested by Judge Robson's opinion in Cement-Concrete Block, supra, 381 F.Supp. at 1110:
 
 
 30
 "(T)his danger may be obviated by limiting the disclosure to the attorneys of record (in the treble-damage case) for use in that litigation only for the purposes of impeachment, refreshing the witness' recollection and testing credibility."
 
 
 31
 To aid in enforcing this condition, the District Court should release the transcripts to a single attorney for plaintiff and require him to keep and ultimately file with the court a log showing to whom and when each transcript or portion thereof has been shown. To these restrictions should be added a prohibition against copying and a requirement that the transcripts be returned when they are no longer needed for the prescribed use. See State of Illinois v. Harper & Row Publishers, Inc., supra, 50 F.R.D. at 40. Compare Manual for Complex Litigation, Part II, Appendix 2.20 (amended 1975). In addition, if a defendant contends that a portion of any transcript has no bearing on any issue in the private antitrust action, that contention may be presented to the District Court in a motion to withhold that portion from disclosure.
 
 
 32
 Two recent cases in other circuits dealing with the private antitrust plaintiff's right to grand jury transcripts deserve mention. The Second Circuit, in Baker v. United States Steel Corp., supra, 492 F.2d at 1076 n. 2, 1079 (majority), 1080-1081 (Lumbard, J., dissenting), has said that grand jury secrecy should not be breached for general discovery purposes. Yet the court recognized that disclosure is appropriate
 
 
 33
 "to enable counsel to perform the vital function of cross-examining a witness who is obligated for other reasons to testify publicly with respect to the same matters which were the subject of his grand jury testimony"
 
 
 34
 492 F.2d at 1079, citing, among other authorities, State of Illinois v. Harper & Row Publishers, Inc., supra, 50 F.R.D. at 37. Our decision is consistent with the limitation and the quoted language.
 
 
 35
 The other case, State of Texas v. United States Steel Corp., supra,546 F.2d 626, was decided after oral argument of the case before us. There the Fifth Circuit denied the State of Texas, as plaintiff in a treble-damage antitrust action, unlimited access to copies of transcripts from a related grand jury investigation which were in the possession of the defendants themselves.[14] The court's conclusion appears to rest on an analogy between the situation in which "the witness obtains his own transcript," and, that in which the corporation receives the transcript of its spokesman. The fear-of-retaliation reason for preserving secrecy, said the court, "remains unaffected" in the first situation, a point which the state conceded; and the rule should be the same in the second. We are not sure the reason for secrecy does remain unaffected when the individual witness is sued or sues in a civil case, but, assuming that it does, we question the analogy. As we have noted, when a corporation receives disclosure of its employee's grand jury testimony, disclosure has been made to the most likely source of retaliation. Surely this affects the need for secrecy and, we believe, allows what remains of that need to be satisfied by conditions in the disclosure order. The Fifth Circuit did recognize that the state might well have some inspection rights but required it to "draw a finer bead," so the disparity in the results that would be reached by that court and ours may not be as great as it appears at first.
 
 
 36
 We therefore reverse the order of the District Court and remand the case for further proceedings consistent with this opinion.[15] The District Court for the Southern District of Illinois should return the transcripts to the District Court for the Eastern District of Illinois, upon the latter's request, to permit compliance with the mandate of this court.
 
 
 37
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 The District Court said:
 "The Court believes that it would be entirely proper for petitioner to move for production of the requested transcripts at the time of the trial of the civil suit to use for purposes of impeachment, refreshing recollection and challenging credibility of those witnesses who had previously testified before the grand jury. At that time petitioner would be in a position to establish compelling need, for example, by pointing to a failure of memory on the part of a witness, a showing of contradiction between the testimony and reliable documentary evidence or perhaps by prevailing upon the trial court for an in camera examination of the transcripts to uncover any inconsistencies."
 
 
 [2]
 The policy of grand jury secrecy obviously had a much more limited application to the subpoenaed documents than it did to grand jury transcripts. See United States v. Interstate Dress Carriers, Inc., 280 F.2d 52, 54 (2d Cir. 1960)
 
 
 [3]
 Normally we would consider first the issue of our jurisdiction. Here, because the motion challenging the appealability of the District Court's order was filed by the intervenors, not the named defendant, it is convenient to consider their status before ruling on their motion. We would of course be required to consider the issue of our jurisdiction whether or not it was raised by a party
 
 
 [4]
 Rule 16(a)(1)(A), however, treats grand jury testimony by certain corporate employees as though the corporation itself had been the witness
 
 
 [5]
 We do not imply disapproval of the procedure adopted by the District Court in this case of transferring the transcripts to the district in which the trial was to be held, so that court can make determinations of particularized need during trial, which the transferor court is not in a position to do. In a case in which the secrecy of the transcripts had not already been partially breached, see Part III, infra, and there is a likelihood that a particularized need will arise during trial, that procedure would be eminently sensible and, we believe, within the power of the court of the district in which the grand jury is convened. Cf. Baker v. United States Steel Corp., 492 F.2d 1074, 1076-1077, 1078 (2d Cir. 1974); Gibson v. United States, 131 U.S.App.D.C 143, 403 F.2d 166, 167-168 (1968)
 
 
 [6]
 See text at note 5, supra. Plaintiff at bar asked the court in the civil case to order the defendants to produce copies but that court declined to act on the ground that it lacked jurisdiction. See the summary of the proceedings below, supra
 
 
 [7]
 Our case is distinguishable from Baker on its facts, and the majority there did imply that an order denying discovery may be appealable even though one granting it is not. Nevertheless, the rationale of the majority does not appear to be in harmony with the view we have adopted
 
 
 [8]
 In U.S. Industries the Ninth Circuit permitted discovery in a civil antitrust action of a presentence memorandum containing "information within the purview of the grand jury secrecy provision of Rule 6(e) . . . ." The court found that only one of the policies behind grand jury secrecy was applicable, "that of insuring untrammeled disclosure by future grand jury witnesses." (Emphasis in original.) Inasmuch as the witnesses' employers had already inspected the government report, however, the court found that minor redactions in the document could avoid any adverse impact on future grand jury witnesses. The court then permitted discovery of the document, because of its view that it would be "highly inequitable and averse to the principles of federal discovery to allow one party access to a government document and not the other." Id., 345 F.2d at 23
 
 
 [9]
 In United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940), the Court said that "after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." While this statement may appear to have been limited by Procter & Gamble and Pittsburgh Plate Glass, it was quoted with approval in Dennis, 384 U.S. at 870, 86 S.Ct. 1840
 
 
 [10]
 We recognize that Rule 6(e) includes the provision, "No obligation of secrecy may be imposed upon any person except in accordance with this rule." The rule also provides, however, that the court may permit disclosure "preliminarily to or in connection with a judicial proceeding," an authority which, we believe, includes the power to prohibit one receiving disclosure pursuant to that authority from making any further disclosure that is not required in connection with that judicial proceeding
 
 
 [11]
 Whatever Dennis left of the requirement that a defendant in a federal criminal case show a particularized need to obtain the transcript of a prosecution witness' grand jury testimony, see 384 U.S. at 871-874, 86 S.Ct. 1840, was swept away by the amendment of 18 U.S.C. § 3500(e), part of the Organized Crime Control Act of 1970, Pub.L. No. 91-452, 84 Stat. 922, 926 (1970)
 
 
 [12]
 Another factor enhancing the particularized need in the case at bar, although we believe a sufficient showing has been made without it, is the lapse of time between the events in issue and the testimony the witnesses will give in depositions or trial. Cf. Dennis v. United States, supra, 384 U.S. at 872, 86 S.Ct. 1840. The grand jury testimony was given during 1972. While some of the delays in pretrial proceedings in the civil case are chargeable to the plaintiff, it understandably would wish to postpone taking the deposition of a witness until it had exhausted the possibility of obtaining his grand jury transcript for use in connection with the deposition. The degree of plaintiff's responsibility for delay is not comparable to that in Baker v. United States Steel Corp., supra, 492 F.2d at 1079
 
 
 [13]
 In Harper & Row the trial judge, having found discrepancies and memory failures with respect to the depositions of a number of witnesses from his in camera inspection of their grand jury testimony, ordered transcripts of other witnesses' grand jury transcripts disclosed to the plaintiffs. Id., 50 F.R.D. at 42
 
 
 [14]
 The Fifth Circuit attached no significance to the fact that the materials were sought from the defendants in the civil case rather than the prosecutor in the criminal case. Nor do we. See notes 5 and 6, supra. We note, however, that in view of the continuing public interest in maintaining the effective functioning of future grand juries, the Attorney General, as the officer charged with protecting that interest, will be entitled to oppose disclosure and therefore should receive notice of motions for disclosure in civil cases to which the government is not a party
 
 
 [15]
 In view of the inconsistency between our views on the issues on intervention and appealability and on the merits and those expressed in certain opinions of other circuits, this opinion has been circulated among all judges of this court in regular active service. Judge Wood disqualified himself from any consideration of this case. No judge favored a rehearing in banc on any issue