**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**NATIONAL STUDENT MARKETING CORPORATION, et al., Defendants.**

**M.D.L. No. 105,
Civ. A. No. 225–72.**

United States District Court,
District of Columbia.

April 21, 1977.

Theodore Sonde, Washington, D. C., for the Securities and Exchange Commission.

Sherwin J. Markman, Washington, D. C., for Lord, Bissell & Brook, Max E. Meyer and Louis F. Schauer.

## MEMORANDUM ORDER

PARKER, District Judge.

Pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, defendants Lord, Bissell & Brook, Max E. Meyer and Louis F. Schauer [1] have moved to compel production of documents, including copies of grand jury transcripts, within the possession, custody or control of defendant John G. Davies or his counsel for inspection and copying. In addition to the grand jury transcripts, the requested documents include, *inter alia,* copies of transcripts of investigative proceedings before the Securities and Exchange Commission (SEC), an affidavit, a deposition, transcripts of court proceedings and various notes made by attorneys assigned to the Office of the United States Attorney for the Southern District of New York.[2] All these documents relate to six identified individuals and were released to Davies and his counsel pursuant to the Jencks Act, 18 U.S.C. § 3500, during his criminal prosecution in New York. *See United States v. John G. Davies,* 74 Cr. 985 (S.D.N.Y.1974). Davies' counsel retained them after his client's criminal proceedings were completed. After the motion to compel production was filed, Davies' counsel was directed to transmit the documents to the Court for a preliminary inspection.

Initially, it is important to note that the grand jury in New York has completed its investigation of the National Student Marketing affair; indictments were returned,

---

1. Hereinafter, the movants will be referred to collectively as Lord, Bissell & Brook.

2. Copies of the transcripts of investigative proceedings before the SEC have already been made available to the defendants. Additional-ly, the transcripts of the court proceedings are matters of public record. Therefore, some of the requested materials are clearly not in issue here.

and the criminal proceedings have terminated.

■ In considering a motion for disclosure of grand jury transcripts, the Court must balance the policy reasons for grand jury secrecy reflected by Rule 6(e) of the Federal Rules of Criminal Procedure [3] with the need of the party seeking production.[4] Generally, disclosure will not be permitted absent a showing of particularized and compelling need. However, as the reasons for maintaining secrecy diminish, so does the need which one is required to demonstrate. *See U. S. Industries, Inc. v. United States District Court,* 345 F.2d 18 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965); *In re Cement-Concrete Block, Chicago Area,* 381 F.Supp. 1108 (N.D.Ill. 1974).

■ Because copies of the grand jury transcripts have already been turned over to Davies and his counsel, persons not bound by Rule 6(e), movants claim that they need not demonstrate particularized need. The Court, however, believes that in effect they have shown such need because the transcripts have already been disclosed to a party to this action, and it would be exceedingly inequitable, discriminatory and contrary to the principles of federal discovery to allow one party access to the grand jury transcripts but not the remaining parties. *See U. S. Industries, Inc. v. United States District Court,* 345 F.2d at 23; *In re Cement-Concrete Block, Chicago*

*Area,* 381 F.Supp. at 1111. Further, as Lord, Bissell & Brook note, several of the grand jury witnesses were unable to recall significant events at their depositions, and use of a grand jury transcript at trial to refresh a witness's recollection has been deemed a case of particularized need where the secrecy of the grand jury proceedings may be lifted in a discrete and limited manner. *See United States v. Procter & Gamble,* 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

The Court also agrees with the movants that the documents are highly relevant and material to the instant litigation,[5] although such reasons are generally not sufficient to establish particularized need. Moreover, five of the six persons whose grand jury testimony or other materials are among the requested documents have been deposed by the parties in this action, and their depositions have been designated for use as evidence in the forthcoming trial. None of the six has opposed the motion for production. Therefore, the policy reasons for secrecy of grand jury transcripts have been diminished by the circumstances of this case, and disclosure, subject to certain limitations, is consequently appropriate.

■ The above considerations also support release of the non-grand jury materials. In his affidavit opposing disclosure of the documents, the assistant United States attorney from the Southern District of New

---

**3.** Rule 6(e) provides in relevant part:

Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding . . . .. No obligation of secrecy may be imposed upon any person except in accordance with this rule. . . .

**4.** The several reasons for grand jury secrecy are delineated in *United States v. Amazon Industrial Chemical Corp.,* 55 F.2d 254, 261 (D.Md.1931). The only reason pertinent here is the one which provides that grand jury secrecy

should be protected "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." Although a grand jury has concluded its investigation and been discharged, public release of its proceedings may:

inhibit free and full revelation [by witnesses] to grand juries in the future of all relevant evidence. A witness who knows that his testimony may eventually be made public may be more reluctant to furnish his best recollection of all facts known to him than one who is assured of secrecy.

*Baker v. United States Steel Corp.,* 492 F.2d 1074, 1076 n. 2 (2d Cir. 1974).

**5.** The materials requested relate to six individuals who were previously involved with the National Student Marketing Corporation.

York relied upon no specific reason or privilege as grounds for denying access to the non-grand jury materials other than a claim that they were gathered in the course of a criminal investigation, and that, in effect, public interest bars their release. However, public interest will not sustain such a claim of privilege, particularly when the criminal investigation has been completed. *Cf. Gaison v. Scott*, 59 F.R.D. 347, 351–52 (D.Hawaii 1973).

For the foregoing reasons and upon consideration of the motion, the memorandum in support thereof and the responses thereto, it is hereby

ORDERED that the motion of defendants Lord, Bissell & Brook, Meyer and Schauer be, and hereby is, granted, and it is

FURTHER ORDERED that the Clerk of the Court shall release, upon request, the documents in question to counsel for Lord, Bissell & Brook, and that upon receipt of the documents, such counsel shall notify all counsel of record for the remaining parties in Civil Action 225–72 of such receipt, and it is

FURTHER ORDERED that only counsel for the parties remaining in this action, upon reasonable notice to counsel for Lord, Bissell & Brook, shall be permitted equal access to the released materials for the purpose of inspection, and that any information derived therefrom may be utilized solely in connection with preparation for and trial of Civil Action 225–72 and for no other purpose, and it is

FURTHER ORDERED that while the non-grand jury documents may be reproduced, no part of the grand jury transcripts shall be duplicated,[6] and it is

FURTHER ORDERED that counsel for movants shall be responsible for the custody of the released materials at all times outside the Court, that all counsel are directed

to exercise the utmost care to avoid impairing the physical integrity of such documents, and that when the released materials have been used for the stated purpose, counsel for Lord, Bissell & Brook shall return the grand jury transcripts and one copy each of all the non-grand jury documents to the Clerk of the Court.

---

6. Movants may argue that because Davies and his counsel received copies of the grand jury transcripts in question rather that just inspected them, there is no reason for the Court to restrict access to or to prohibit duplication of the transcripts. However, the Court notes that Davies' counsel has filed a statement declaring that the "3500 Material" was shared only with Davies and his counsel. Moreover, the Court believes that the integrity of the grand jury process must be preserved, and it will therefore guard against wholesale release of the materials in question. *See* note 4, *supra*.