In re SCREWS ANTITRUST
LITIGATION.

M.D.L. No. 443.

United States District Court,
D. Massachusetts.

June 8, 1981.

Stephen Moulton, Moulton & Looney, Boston, Mass., for plaintiffs.

Robert M. Buchanan, Sullivan & Worcester, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This multidistrict litigation is before the Court, and argument has been heard, on the plaintiffs' motion to obtain the grand jury transcripts of four individuals who testified before the grand jury which returned the indictment in *United States v. Amtel, Inc. et al.* (D.Mass. 80–244).[1] Objections filed by third parties to a subpoena *duces tecum* served by the plaintiffs on the government are also before the Court.[2]

Release of grand jury transcripts under Rule 6(e) of the Federal Rules of Criminal Procedure,[3] requires balancing the interest of grand jury secrecy against a litigant's interest in disclosure. One begins with the recognition that a "traditional and fundamental presumption of secrecy" attaches to grand jury proceedings, *United States v. Procter and Gamble*, 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958); *In Re Grand Jury Investigation No. 78–184*, 642 F.2d 1184 (9th Cir. 1981). Disclosure is justified only where parties "show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979). The tripartite test of *Douglas Oil* is a specific formulation of the elements that shape the interest-balancing implicit in any disclosure decision. The first and third elements go to the particular need for disclosure, and the second element addresses the importance of continued secrecy. The burden of demonstrating that the balance is in their favor is on the parties seeking disclosure.

In *Douglas Oil* the Supreme Court emphasized that the competing interests of the parties seeking and opposing disclosure must be viewed in their appropriate context, that the standard governing disclosure is not a rigid one, and that the burden on the party favoring release of the transcripts is an ever changing one. "It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Douglas Oil, supra* at 223, 99 S.Ct. at 1675.

This Court, necessarily "infused with substantial discretion" as it determines whether or not to release the transcripts, *Douglas Oil, id.*, is in a good position to make an informed decision. It faces none of the problems of the uninformed transferor court in *Douglas Oil*. The grand jury returned its indictment in this District, this Court presided at the trial of the government's criminal case and continues to monitor the government's civil action as well as all pretrial proceedings in this related multidistrict litigation.

The four witnesses whose grand jury testimony is at issue, John N. Rathke, Jack

1. After six of the defendants pled *nolo contendere*, the case went to trial in October 1980 against one individual and one corporation, both of whom were acquitted.

2. In Pretrial Order No. 1, issued on November 17, 1980, this Court ordered the defendants to turn over all documents submitted to the *Amtel* grand jury to the present plaintiffs.

3. Rule 6(e)(3)(c)(i) provides: "Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made when so directed by a court preliminarily to or in connection with a judicial proceeding."

Packard, Richard K. Martin, and Kenneth E. Flodin, all testified before the grand jury with use immunity, and all but Flodin testified at the criminal trial last October. All four have invoked the fifth amendment in depositions taken by the plaintiffs. At the time of the criminal trial, all of the defendants in the present suits received, at least in part, grand jury transcripts of sixty persons, including most of the testimony of Rathke, Packard, and Martin, and some of the testimony of Flodin. The government takes no position on the plaintiffs' motion for disclosure.

■ Turning first to considerations of secrecy, only one of the five most commonly noted justifications for grand jury secrecy applies to witnesses Rathke, Packard and Martin.[4] The concern of these individuals is that release of the transcripts will harm their future relationships in the business community, possibly leading to retributive actions by employers. In addition, the witnesses argue that disclosure will hurt the credibility of the grand jury's purported secrecy and reduce the likelihood that employees of future grand jury corporate targets will come forward to tell the truth. These are significant concerns and they survive the grand jury's term and any resultant criminal proceeding. *Douglas Oil, supra,* 441 U.S. at 222, 99 S.Ct. at 1674; *State of Illinois v. Sarbaugh,* 552 F.2d 768, 775 (7th Cir. 1977), *cert. denied J.L. Simmons Co. v. Illinois,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *U. S. Industries, Inc. v. United States District Court,* 345 F.2d 18, 22 (9th Cir. 1965), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965).

Martin, however, is retired, and Rathke and Packard's concerns are diminished by the fact that their corporate employer for most of the conspiracy period was acquitted at the criminal trial. Moreover, these concerns may be met by a protective order which limits the circulation of any released transcripts. Nor will the discrete and conditional release of three grand jury transcripts in this case significantly deter full and frank testimony by future grand jury witnesses. The general presumption of secrecy remains strong, and deservedly so. The adoption of a balancing test and the judicial discretion to order disclosure show that this interest standing alone does not preclude the release of testimony. Rather, this general concern must be weighed with the need for secrecy in a particular case, balanced against the need for disclosure.

As to the need for the transcripts, the plaintiffs recognize that if they are to show the requisite "particularized and compelling need" within the context of reduced secrecy concerns, they must do more than argue that the transcripts contain useful and relevant testimony. *Procter and Gamble, supra,* 356 U.S. at 682, 78 S.Ct. at 986. All parties agree that the transcripts are certainly of that nature. The plaintiffs go further and point out that Martin, Rathke and Packard are key witnesses for any price-fixing conspiracy allegation and have stymied discovery by their use of the fifth amendment. No motion to compel testimony over assertion of the privilege has been filed. This showing alone, however, would still leave the plaintiffs short of carrying their burden.

The plaintiffs' need becomes more particularized and compelling when it becomes evident that the transcripts are essential both to assure the accuracy of testimony at

---

**4.** Those justifications, as discussed in *Procter and Gamble, supra,* 356 U.S. at 681–82, 78 S.Ct. at 985–86, and most applicable to an on-going grand jury investigation, are:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Only the fourth consideration is relevant to Rathke, Packard and Martin. The testimony of Kenneth Flodin, the fourth witness, will be evaluated separately.

trial and to equalize the access to relevant facts which each side possesses. Courts have ruled in similar contexts that these justifications support a "particular" and "compelling" need for grand jury transcripts. *State of Illinois v. Sarbaugh, supra,* 552 F.2d at 776; *U. S. Industries, supra,* 345 F.2d at 23.

It is true, as witnesses Rathke, Packard and Martin point out, that the public testimony of all three individuals at the criminal trial is available to plaintiffs. This arguably could substitute for their grand jury testimony as a source of information and as a guide to the credibility of testimony in the subsequent civil proceedings. *In Re Grand Jury Transcripts,* 309 F.Supp. 1050 (S.D.Ohio 1970). The testimony given by Rathke and Packard, and to a lesser extent Martin, at the criminal trial struck this Court as a classic example of selective and convenient non-memory. In my judgment, Rathke and Packard were anything but frank and their "pulled teeth" testimony would not be particularly helpful to plaintiffs in the pending civil litigation. Martin testified more forthrightly than the other two, but left the Court with the impression that he was a controversial figure with serious personal problems whose availability and frankness on a future occasion is by no means guaranteed.

The criminal trial was, in addition, directed against only one of the five defendants presently before the Court and therefore cannot be considered a complete record of the alleged wrongdoing. It is true that much of the particular need for the grand jury testimony would be reduced if Rathke, Packard and Martin do not testify in the civil case. I find, however, notwithstanding fifth amendment concerns, that all three are probable witnesses.[5]

The government released at least parts of sixty grand jury transcripts to the defendants prior to the criminal trial last fall. To rule that a "discrete" and "limited" removal of grand jury secrecy for three of those sixty transcripts is not appropriate would be to give one side to this litigation "exclusive access to a storehouse of relevant fact." *Dennis v. United States,* 384 U.S. 855, 873, 86 S.Ct. 1840, 1850, 16 L.Ed.2d 973 (1966). A compelling need can be based in part on such an unfair advantage. *U. S. Industries, supra,* 345 F.2d at 23. Where courts have resisted disclosure of transcripts, this imbalance is often absent. *Matter of Grand Jury,* 469 F.Supp. 666 (M.D.Pa.1978). I rule that the grand jury transcripts of Rathke, Packard and Martin should be released to the plaintiffs, subject to the conditions of the accompanying order.

The grand jury testimony of Kenneth Flodin is in a different posture than that of the other three witnesses. The secrecy concerns are higher with Flodin, because he did not testify at the criminal trial and because he was an unindicted co-conspirator. Flodin stands as one "accused but exonerated," to the extent that he was not indicted, and his involvement should not "be held up to public ridicule." *Douglas Oil, supra,* 441 U.S. at 219, 99 S.Ct. at 1673. Only a small portion of his grand jury testimony was released to the defendants.

The need for Flodin's testimony is also correspondingly less. Most of his grand jury testimony was directed toward the sale of special screws in the Original Equipment Manufacturing market, an issue beyond the scope of this case. The defendants do not have such access to Flodin's testimony that it constitutes an unfair advantage, and Flodin's appearance at trial is much less likely than that of the others. If the secrecy of grand jury proceedings is lifted at all, it must be "lifted discretely and limitedly." *Procter and Gamble, supra* 356 U.S. at 683, 78 S.Ct. at 986. I find that the plaintiffs have not shown a particular and compelling

---

5. The Court says nothing on the fifth amendment issue, except to observe that there is a range of material given under use immunity from which one could rule that subsequent testimony was derivative. *In Re Corrugated Container Antitrust Litigation, M.D.L. No. 310,* Appeal of Phillip L. Fleischacker, 644 F.2d 70 (2d Cir. 1981); *Little Rock School District v. Borden Inc.,* 632 F.2d 700 (8th Cir. 1980); *Appeal of Starkey,* 600 F.2d 1043 (8th Cir. 1979); contra, *In Re Corrugated Container Antitrust Litigation,* 620 F.2d 1086 (5th Cir. 1980).

need with regard to Flodin's grand jury testimony and I rule that disclosure is inappropriate.

The other matter before this Court was prompted by plaintiffs' subpoena *duces tecum* upon the Antitrust Division of the United States Department of Justice. Three third parties object to the government's production of documents which they had produced for the *Amtel* grand jury.

■ National Lock was an unindicted co-conspirator and the employer of Kenneth Flodin during the time of the alleged conspiracy. Although production of National Lock's grand jury documents may well be triggered by a lower need threshold than that required for the release of transcripts, *State of Illinois v. Sarbaugh, supra,* 552 F.2d at 772, n.2, I find that the plaintiffs have not shown why wholesale production of this third party's grand jury documents is necessary. Many of the documents relate to "special" screws. No indictment was ever returned covering those sales. Keystone Consolidated Industries Inc., on behalf of National Lock, is on record before this Court that it is willing to comply with a properly drafted subpoena by the plaintiffs for documents relevant to the alleged conspiracy in the sale of standard screws. That avenue is uncontroversial, arguably more efficient, and involves no breach of grand jury secrecy. I sustain National Lock's objection for all these reasons, and rule that no disclosure of its *Amtel* grand jury documents should occur, with the reservation that National Lock fully comply with any subpoena for relevant documents served by the plaintiffs.

■ The Industrial Fasteners Institute is the second third party which objects to the production of its grand jury documents. Its documents are certain statistical compilations, and, pursuant to regular Institute practice, no individual manufacturer's data is ascertainable from the aggregates. Institute members are not entitled to grand jury secrecy merely because they paid for the creation of this statistical information. The figures themselves are not probative of the actions of any one defendant in any alleged conspiracy, but may indeed be needed by the plaintiffs on class certification or other discovery issues. The Institute's material is also more limited in scope than the grand jury material of National Lock. The balance of interests shows a reasonable need, and no residual need for secrecy. I therefore rule that the government may produce the Institute's grand jury material.

The objection of Blake and Johnson to the government's production of its grand jury documents was neither timely nor substantive and I rule that production of those documents is appropriate.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. The motion of plaintiffs for leave to inspect and copy the grand jury transcripts of John N. Rathke, Jack Packard, and Richard K. Martin is hereby granted, under the following conditions:

(a) The Antitrust Division of the United States Department of Justice, is hereby directed to make available to plaintiffs' counsel the transcripts of the testimony of John N. Rathke, Jack Packard and Richard K. Martin, before the grand jury which returned the indictment in *United States v. Amtel Inc., et al,* 80–244–C (D.Mass.).

(b) The transcripts will be released with the same deletions that the government made prior to releasing the transcripts to the defendants in the criminal trial, *United States v. Amtel Inc. et al,* 80–244 (D.Mass.). Such deletions relate exclusively to the sales of special screws.

(c) The transcripts are to be used only by counsel of record and their duly retained experts during pretrial discovery, or during trial, and are not to be discussed or disclosed for any other purpose.

(d) Counsel for the plaintiffs are hereby directed to return the transcripts and all copies thereof at the close of this litigation.

2. The motion of plaintiffs for leave to inspect and copy the grand jury transcript of Kenneth E. Flodin is denied.

3. The objection of Keystone Consolidated Industries, Inc. to the government's production of National Lock grand jury documents pursuant to a subpoena *duces tecum* served by the plaintiffs is sustained.

4. The objections of the Industrial Fasteners Institute and Blake and Johnson to the government's production of grand jury documents pursuant to a subpoena *duces tecum* served by the plaintiffs are overruled. The conditions as to use and return of these documents are identical to those imposed on released transcripts in paragraph 1 above.