Mark **MARKARIAN**, Plaintiff,

v.

Gary **ALLOIAN**, Defendant.

No. 93 C 5816.

United States District Court, N.D. Illinois E.D.

Oct. 15, 1993.

David A. McGuire, Michael L. Siegel, Howard L. Stone, Carlo E. Poli, Stone, McGuire & Benjamin, Chicago, IL, for plaintiff.

Ernest Yi Ling, Michael J. Shepard, U.S. Attorney's Office, Chicago, IL, for U.S.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court are the motions of the United States of America ("United States" or "government") and plaintiff Mark Markarian ("Markarian") to vacate the August 30, 1993 production order of the Lake County Circuit Court. Both motions are granted for reasons stated below.

## BACKGROUND

This state civil case comes before the court by virtue of a second notice of removal the United States filed pursuant to 28 U.S.C. §§ 1442(a)(1), 1446. The court finds it has jurisdiction pursuant to § 1442(a)(1). *See Sharon Lease Oil Co. v. Federal Energy Regulatory Commission,* 691 F.Supp. 381, 383 (D.D.C.1988) (removal proper where subpoena directed to F.E.R.C. official); *Northern Colorado Water Conservancy Dist. v. Board of County Commissioners of Grand County,* 482 F.Supp. 1115 (D.Colo.1980) (section 1442(a)(1) protects federal officers from state interference with exercise of federal authority). For a better understanding of the issues raised by the present motions, a vignette of the facts leading to the second removal of this state court action will be furnished.

Markarian alleges in a complaint filed in the Lake County Circuit Court that defendant Gary Alloian ("Alloian") fraudulently induced Markarian into investing $1.65 million in an invention by representing that the device created perpetual energy out of core electricity and cold fusion. The United States is currently investigating Alloian and others in connection with the invention and has initiated criminal grand jury proceedings. The Federal Bureau of Investigation ("FBI") previously seized the invention pursuant to a warrant. As a result, the invention is now in the custody of the federal grand jury.

For obvious reasons, Markarian and Alloian both desire to have their respective experts examine the invention prior to any trial on the merits of the fraud case. Markarian's counsel thus sent a letter to the United States Attorney's office seeking the release of the seized invention for examination. In July 1992, the United States refused to release the invention and declared that it would move to quash any subpoena issued for the invention pursuant to Rule 6 of the Federal Rules of Criminal Procedure.

Lake County Circuit Judge William D. Block gave the state civil case a September 28, 1992 trial date. On August 12, 1992, Markarian presented a motion for supervised discovery, or in the alternative to continue the trial date. Markarian informed Judge Block that he could not effectively prosecute the action absent the opportunity to inspect the invention which is in the possession of the federal grand jury. Judge Block entered an order directing the United States Attorney and the FBI to produce the invention for inspection.

In response to the entry of the state court's order, the United States removed the case in September 1992 pursuant to 28 U.S.C. § 1442. *See Markarian v. Alloian,* No. 92 C 6097 (N.D.Ill.). On October 9, 1992 this court vacated Judge Block's production order. The court subsequently remanded the case because the government was no longer a party.

Once the civil action returned to the Lake County Circuit Court, Judge Block again proceeded by establishing various progress dates, including a date for the disclosure of expert opinions, a discovery cut-off date, and a trial date. These dates were set notwithstanding Markarian's request that the court continue the case generally in order to provide the United States time to finish its criminal investigation and to release the invention for inspection. Judge Block instead directed Markarian to renew his motion for supervised discovery—which he did. Ac-

cordingly, Judge Block entered a second order directing the United States Attorney and the FBI to produce the invention for inspection.

The United States once again removed the case. Both the United States and Markarian have filed a motion to vacate the state court's order, only Markarian further moves this court to retain jurisdiction after it vacates the order. This court directed the government to produce a copy of the transcript of proceedings before the state court which resulted in that court's order against United States officials in order to find a basis for Judge Block's order. No transcript was provided because the proceedings were apparently not recorded. There is nothing before this court from which the court can glean the legal authority upon which Judge Block relied when issuing his order.

## DISCUSSION

■ Rule 6(e)(2) of the Federal Rules of Criminal Procedure emphatically prohibits the disclosure of matters occurring before a federal grand jury. Many cases recognize and uphold this necessity for secrecy in grand jury proceedings and proclaim that the stricture of Rule 6(e) is essential for secrecy's sustenance. *See, e.g., Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); *In re Grand Jury Proceedings, Special Sept., 1986,* 942 F.2d 1195, 1198 (7th Cir.1991); *State of Illinois v. Sarbaugh,* 552 F.2d 768, 772 (7th Cir.1977). The secrecy of grand jury proceedings is so important that it cannot be broken absent the showing of a particularized need for the material in order to avoid injustice that is commensurate with both the need for continued secrecy and the policy reason that justifies protecting that secrecy. *In re Grand Jury Proceedings,* 942 F.2d at 1198; *Hernly v. United States,* 832 F.2d 980, 985 (7th Cir.1987); *Sarbaugh,* 552 F.2d at 774.

■ Because the secrecy of a federal grand jury is essential, jurisdiction over matters proceeding before the grand jury is vested in the United States district court that supervises the grand jury. *Sarbaugh,* 552 F.2d at 773. The exclusive manner in which

to accomplish the disclosure of grand jury matters supervised by this district court, for their use in a civil action, is through an order from the Chief Judge of the United States District Court for the Northern District of Illinois. Fed.R.Crim.P. 6(e)(3)(C)(i); Local Criminal Rule 1.04(E). Moreover, such disclosure order is obtained solely through a petition filed before the Chief Judge. Fed.R.Crim.P. 6(e)(3)(D); Local Criminal Rule 1.04(E). Accordingly, the Circuit Court of Lake County is without jurisdiction to order any federal governmental official to disclose or release any federal grand jury material, including the invention that is the subject of the present litigation. Given the authority on this issue, the court does not expect to face a third order requiring production of grand jury material.

## CONCLUSION

For reasons stated above, the court grants both motions to vacate. The August 30, 1993 order is vacated in so far as it requires the United States Attorney and the FBI to produce the invention.

IT IS SO ORDERED.