**The STATE OF TEXAS,**
**Plaintiff-Appellee,**

v.

**UNITED STATES STEEL CORPORATION, Laclede Steel Company, Bethlehem Steel Corporation, the Ceco Corporation, and Structural Metals, Inc., Defendants-Appellants.**

No. 76–2781.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1977.

Rehearing Denied March 4, 1977.

John D. Roady, Thad T. Hutcheson, Houston, Tex., for Laclede Steel Co.

David T. Hedges, Jr., Leroy Jeffers, Houston, Tex., for U. S. Steel Corp.

Richard P. Keeton, E. William Barnett, Houston, Tex., for Bethlehem Steel Corp.

J. Clifford Gunter, Houston, Tex., for Border Steel Rolling.

Thomas M. Phillips, William R. Burke, Jr., Houston, Tex., Wesley G. Hall, Chicago, Ill., for Ceco Corp.

Frank B. Davis, Houston, Tex., for Structural.

Stanley B. Binion, Percy Foreman, Houston, Tex., for Schindler Bros.

David S. Patterson, New York City, George W. Rice, Houston, Tex., for Armco Steel Corp.

Kleber C. Miller, Fort Worth, Tex., David C. Bland, Houston, Tex., for Texas Steel Co.

John L. Hill, Atty. Gen., Lee C. Clyburn, Administrative Asst. Atty. Gen., Austin, Tex., for plaintiff-appellee.

Before MORGAN and GEE, Circuit Judges, and HUNTER,* District Judge.

GEE, Circuit Judge:

United States Steel Corporation, et al.,[1] are defendants in an antitrust suit filed by the State of Texas on its behalf and on behalf of "all similarly situated political subdivisions and tax-supported institutions within the State of Texas" alleging that the defendants violated the Sherman Act[2] and § 15.04(a) of the Texas Business and Commerce Code. As a part of its discovery program Texas sought from the defendants grand jury subpoenas, schedules, notices, summonses or other documents requesting the attendance of any person and the production of any documents and transcripts of testimony by employees of defendants before the federal grand jury that returned indictments in *United States of America v. Armco Steel Corporation, et al.*, Criminal Action No. 73–H–336, in the United States District Court for the Southern District of Texas.[3] Each defendant had obtained transcripts of testimony by its own employees pursuant to a motion filed in the criminal action under Fed.R.Crim.P. 16(a)(1)(A).[4] All the defendants agreed not to share the transcripts with one another, and there is no claim or indication that this has been done. After the defendants refused to surrender the documents and transcripts, the state's motions to compel production were granted by the trial court in an order directing all nine defendants to provide the State of Texas with the documents and transcripts. The court prescribed protective measures in his order that sealed the grand jury documents, limiting their availability solely to the state's attorneys for their assistance in the preparation of the case for trial. He also certified the order for interlocutory appeal under 28 U.S.C. § 1292(b) (1970), granted leave to appeal, and stayed the effect of his order pending disposition of the appeal.

■ The issue presented is whether the State of Texas must show a particularized need to obtain the grand jury documents from the defendants and, if so, whether it has made that showing in this case.[5]

■ Once again we must undertake the "delicate task of balancing the policy which requires secrecy for the proceedings of the grand jury with the policy which requires that there be full disclosure of all available evidence in order that the ends of justice may be served." *Allis-Chalmers Manufacturing Co. v. City of Fort Pierce*, 323 F.2d 233, 238 (5th Cir. 1963). Yet we must balance the scales with our thumb on one pan:

---

* Senior District Judge for the Western District of Louisiana, sitting by designation.

1. Defendants in the antitrust case are United States Steel Corporation, Laclede Steel Company, Bethlehem Steel Corporation, The Ceco Corporation, Structural Metals, Inc., Armco Steel Corporation, Border Steel Rolling Mills, Inc., Texas Steel Company, and Schindler Brothers Steel. The first five defendants are appellants in this case; all defendants except the partnership Schindler Brothers Steel are corporations. In our discussion of discovery we employ the term "corporations" for convenience to indicate all entities entitled to discovery of their employees' testimony under Fed.R.Crim.P. 16(a)(1)(A).

2. 15 U.S.C. §§ 1–2 (1970).

3. The same alleged conduct formed the basis of both the criminal case and the state's civil case. None of the criminal cases went to trial; all defendants pleaded *nolo contendere* to the indictment.

4. Where the defendant is a corporation, partnership, association or labor union, the court may grant the defendant, upon its motion, discovery of relevant recorded testimony of any witness before a grand jury who (1) was, at the time of his testimony, so situated as an officer or employee as to have been able legally to bind the defendant in respect to conduct constituting the offense, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as an officer or employee as to have been able legally to bind the defendant in respect to that alleged conduct in which he was involved.

5. A secondary issue, which we do not reach, is whether, assuming production of the documents was properly ordered, the district court was obliged to undertake an *in camera* inspection of the material produced in order to limit disclosure to relevant portions of it.

it is not the facts but the trial judge's exercise of discretion that we weigh; and we may reverse only if we decide that he abused that discretion in granting discovery. *See Allis-Chalmers, supra* at 241. Notwithstanding, we conclude that in this case the trial judge erred.

In *Allis-Chalmers,* we held that:

[D]isclosure of grand jury testimony is properly granted where there is a compelling need for such disclosure and such disclosure is required by the ends of justice. Disclosure even in these circumstances must be closely confined to the limited portions of the testimony for which there is found to be a particularized need.

323 F.2d at 242. The State of Texas' principal position here is that factual peculiarities in this case and the general policy favoring discovery distinguish the particularized need test of *Allis-Chalmers,* so that no showing of such need is requisite in this instance. A subsidiary argument is that the corporate defendants' discrete possession of portions of the relevant documents provides sufficient particularized need to justify discovery under *Allis-Chalmers.* The argument runs that only when grand jury secrecy is threatened does the particularized need test come into play and that only an attempt to discover the transcripts *from the grand jury* or those under the imposed silence of Fed.R.Crim.P. 6(e)[6] significantly threatens grand jury secrecy. When the corporate defendants have the collective transcripts in their several possessions, Texas argues, that secrecy cannot be threatened because it has already been breached, and normal discovery rules should apply.

The State underrates the importance of and misconceives the reasons for the cloak of grand jury secrecy: although several reasons exist,[7] the one most pertinent to this case is the desire to create a sanctuary, inviolate to *any* intrusion[8] except on proof of some special and overriding need, where a witness may testify, free and unfettered by fear of retaliation. When the witness obtains his own transcript, this ground of grand jury secrecy remains unaffected. The State concedes as much in admitting that, absent a showing of partic-

**6.** Fed.R.Crim.P. 6(e) provides:

(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

**7.** (1) To prevent the escape of those whose indictment may be contemplated; (2) to in-

sure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681 n.6, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958), citing *United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir. 1954).

**8.** For example, in the Ninth Circuit case of *United States Industries v. United States District Court,* 345 F.2d 18 (9th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965), the court invoked the particularized need test to restrict discovery from the court of a presentence report that made references to grand jury testimony.

ularized need, it could not hope to obtain civil discovery from an individual witness merely because he had obtained the transcript of his own testimony. By this concession the State recognizes that requiring such disclosure would in some degree compromise the effectiveness of the grand jury. In such a case the issue, of course, would be whether this diminishment of effectiveness was warranted in the particular instance by some special consideration: particularized need. We conclude that similar arguments justify the appellants' present reliance on this policy to protect them from discovery in the absence of a showing of particularized need.

As noted, the State attempts to avoid the requirement of a showing of particularized need, a requirement that it admits would apply in the case of an individual witness, by the claim that disclosure to the corporate defendants has already breached grand jury secrecy. It is said that disclosure of a corporate employee's testimony to his employer sufficiently breaches the wall of grand jury secrecy by creating fears of retaliation in the corporate employee[9] as to dispense with the particularized need requirement.

This argument ignores the usual case in which corporate spokesmen (for the corporation, by necessity, must rely on its employees to do its talking) appear before a grand jury representing and speaking for the corporation, indeed in a real sense are the corporation on such an occasion. When the corporation, in such a case, acquires transcripts of its spokesmen's testimony, it acts in a capacity little different from an individual defendant who seeks his own transcript.[10] Moreover, we have previously noted the "weighty considerations favoring corporate discovery" of the testimony of corporate employees. *See United States v. Hughes*, 413 F.2d 1244, 1251–52 (5th Cir. 1969). To impose upon that discovery the consequence for which Texas here contends—automatic discoverability in civil proceedings—would restrict unduly the corporation's use of the criminal defense tool which Congress saw fit to grant in Fed.R. Crim.P. 16(a)(1)(A).

We must bear in mind the Supreme Court's language in *United States v. Proctor & Gamble*, 356 U.S. 677, 681–82, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958):

> [W]e start with a long established policy that maintains the secrecy of the grand jury proceedings in the federal courts. . . . The reasons are varied. One is to encourage all witnesses to step forward and testify freely without fear of retaliation. The witnesses in antitrust suits may be employees or even officers of potential defendants, or their customers, their competitors, their suppliers. The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This 'indispensable secrecy of grand jury proceedings' . . . must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. *But they must be shown with particularity.* (citations and footnotes omitted, emphasis supplied).

In the face of this teaching, we are not free to adopt any such broadcast rule of automatic discovery as that for which Texas contends.

To be sure, the appearance before a grand jury of a corporate employee or even

---

**9.** In fact, Congress recognized the implications of corporate discovery on grand jury secrecy but concluded, as we did previously in *United States v. Hughes*, 413 F.2d 1244 (5th Cir. 1969), that fairness to the corporate defendant overrode fears that retaliation might cause a corporate employee to limit his grand jury testimony. *See* Joint Explanatory Statement of the Committee of Conference [1975] U.S.Code Cong. & Admin.News, pp. 713, 715–16.

**10.** Although in this case the corporations indicted are also those subject to the civil suit, the state's argument also applies to those corporations whose employees' testimony may aid the grand jury in proceeding against other corporate violators. The defendant partnership, though conceptually less of an independent entity than the corporate defendants, is equally obliged to speak through human agents.

a corporate officer may not be in the capacity of corporate spokesman. The testimony of a hostile or disaffected employee may well be a special case and this circumstance a factor in the calculus of particularized need. But Texas' bold and broad assault neither notes nor regards such narrow considerations, and no distinction on any such basis is attempted before us. It is to be whole hog or none, and none it is.

■ Our journey is not ended, however, for the trial court invoked the language of *Allis-Chalmers* in his grant of discovery:

> This Court is of the opinion that Plaintiff's request does fall within the parameters of *Allis-Chalmers*, and that Plaintiff has shown a compelling need if only by virtue of the fact that the testimony is in the possession of Defendants.

The invocation of *Allis-Chalmers*, however, does not establish its applicability. *Allis-Chalmers* requires the party seeking discovery to invoke the trial judge's discretion by seeking use of the grand jury testimony "to impeach a witness, to refresh his recollection, to test his credibility and the like." *See Proctor & Gamble, supra* at 682, 78 S.Ct. 983. The general circumstance that another party has his own or his employees' transcript in his possession does not, standing alone, establish particularized need sufficient to overcome the need for grand jury secrecy. Texas must draw a finer bead.[11]

REVERSED.

---

**11.** Having disposed of the discovery issue adversely to the plaintiffs, we pretermit discussion of whether the trial court should have employed *in camera* inspection before granting discovery.