**WILLIAM ISELIN & COMPANY, INC., Plaintiff,**

v.

**IDEAL CARPETS, INC., Mark Lorberbaum, Brian Lewis, William Middleton, Diane Roberts, Alan Lorberbaum, Shirley Lorberbaum, Aladdin Mills, Inc., Regal Carpets, Inc., and Robert Michaels, Inc., Defendants.**

**Civ. A. No. C79–20R.**

United States District Court,
N. D. Georgia,
Rome Division.

Oct. 21, 1980.

Robert E. Hicks, Bruce M. Edenfield, Robert E. Tritt, Hicks, Maloof & Campbell, Atlanta, Ga., for plaintiff.

L. Hugh Kemp, Dalton, Ga., for Ideal Carpets, Inc., Mark Lorberbaum and Brian Lewis.

Edwin Marger and J. Timothy Lawler, Atlanta, Ga., for Aladdin Mills & Lorberbaums.

Richard W. Bethea, Jr., Hoyt O. Samples, Stophel, Caldwell & Heggie, Chattanooga, Tenn., for William Middleton.

Dean B. Donehoo, Dalton, Ga., for Diane Roberts.

Carl P. Rollins, McCamy, Minor, Phillips & Tuggle, Dalton, Ga., for Robert Michaels & Doral Carpets, formerly Regal Carpets, Inc.

## ORDER

HAROLD L. MURPHY, District Judge.

The instant action arises from a factoring contract entered into between plaintiff and defendant Ideal Carpets, Inc. During a telephone conference on September 15, 1980, between the Court and counsel for the parties to this action, defendants made an oral motion to compel Leonard Kinsman, account executive for plaintiff, to testify on deposition to matters he had previously testified to before the grand jury in a related criminal investigation. Pursuant to the Court's request, the parties to this action have submitted letter memoranda summarizing their positions on this issue. Defendants' motion to compel is presently before the Court.

The instant dispute arises from the following circumstances. Leonard Kinsman, as account executive for plaintiff, was responsible for handling the Ideal Carpet factoring arrangement with plaintiff. Plaintiff has stated that Mr. Kinsman will be a witness on behalf of plaintiff in connection with the civil proceedings pending in this Court. On September 3, 1980, Mr. Kinsman appeared before a federal grand jury to testify in a related criminal prosecution. On September 13, 1980, while being deposed in the instant action, Mr. Kinsman was asked by the defendants to testify to all of the questions asked of him by the grand jury, to relate all of his testimony before the grand jury, to identify all witnesses he knew who testified before the grand jury, to identify any one who may have accompanied him to the grand jury proceedings, to identify all documents brought with him to the grand jury investigation, and to generally testify to all matters concerning the grand jury proceedings.

Counsel for plaintiff objected to these questions for the following reasons: the policy of grand jury secrecy and the Feder-

al Rule relating to disclosure would not compel him to testify as to those matters; the testimony he gave before the grand jury would be irrelevant to the civil proceedings; and, all counsel present at the deposition could thoroughly examine Mr. Kinsman about any fact of which he had knowledge concerning the relationship between plaintiff and Ideal Carpets and its principals and any involvement Mr. Kinsman may have had involving that particular account.

Defendants contend that in the absence of any specific prior restraint by the Court, witnesses who appear before the grand jury may be interviewed after their appearance and repeat what they said before the grand jury or otherwise relate their knowledge on the subject of inquiry.

The policy of secrecy with respect to grand jury proceedings is a long-established one. *United States v. Procter and Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), *citing Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), and *United States v. Johnson*, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546 (1943). The importance of the secrecy requirement imposed upon grand jury proceedings to the proper functioning of the grand jury system has been consistently emphasized by the Supreme Court. *In re Grand Jury Investigation*, 610 F.2d 202 (5th Cir. 1980), *citing Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); *United States v. Procter & Gamble Co., supra*. Such confidentiality protects several important governmental and private interests.

First, if preindictment proceedings were conducted publicly, individuals who learned of their possible indictment might flee the jurisdiction or attempt to tamper with the grand jurors or witnesses appearing before them. Persons with information about crimes would be less willing to appear voluntarily and to speak fully and frankly, knowing that the individuals about whom they testify would be aware of that testimony. The rule of secrecy avoids injury to the reputation of those

persons accused of crimes whom the grand jury does not indict. Finally, it encourages the grand jurors to investigate suspected crimes without inhibition and to engage in unrestricted deliberations. See *Douglas Oil Co. v. Petro Stops Northwest*, 441 U.S. at 219, 99 S.Ct. at 1673, 60 L.Ed.2d at 165 (1979); *United States v. Procter & Gamble Co.*, 356 U.S. at 681 n.6, 78 S.Ct. at 986 n.6, 2 L.Ed.2d at 1081 n.6 (1958); *United States v. Malatesta*, 583 F.2d 748, 752 (5th Cir. 1978), modified on other grounds, 590 F.2d 1379 (en banc), cert. denied, 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979); *United States v. Howard*, 569 F.2d 1331, 1335 (5th Cir.), cert. denied, 439 U.S. 834, 99 S.Ct. 116, 58 L.Ed.2d 130 (1978).

*In re Grand Jury Investigation, supra* at 213–14.

This reasoning is embodied in Rule 6(e)(2) of the Federal Rules of Criminal Procedure, which describes the boundaries of the traditional rules of secrecy imposed upon Grand Jury proceedings as follows:

(2) GENERAL RULE OF SECRECY. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph ([2]3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of rule 6 may be punished as a contempt of court.

The issue before this Court is whether or not Mr. Kinsman can be compelled under the discovery mechanisms allowed under the Federal Rules of Civil Procedure to testify specifically to the matters he testified to as a witness before the grand jury and to all matters relating to it.

■ The Fifth Circuit, among others, has stated that Rule 6(e) does not prevent disclosures by a witness who testifies before the grand jury. *In re Grand Jury Investigation, citing United States v. Radetsky,*

535 F.2d 556 (10th Cir.), *cert. denied* 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976); *In re Investigation Before April 1975 Grand Jury,* 174 U.S.App.D.C. 268, 531 F.2d 600 (D.C.Cir.1976); *In re Langswager,* 392 F.Supp. 783 (N.D.Ill.1975), and *In re Minkoff,* 349 F.Supp. 154 (D.R.I.1972). This conclusion is supported by the Committee Notes to Rule 6(e), which state: "The rule does not impose any obligation of secrecy on witnesses.... The seal of secrecy on witnesses seems an unnecessary hardship and may lead to injustice...." One court has explained this exception on the basis that the secrecy which is to be upheld is the final action or inaction of the grand jury and not the specific questions propounded to and specific answers given by a particular witness. *In re Grand Jury Summoned October 12, 1970,* 321 F.Supp. 238 (N.D.Ohio 1970). Thus, in the absence of any specific restraint, a grand jury witness is at all times free to discuss his testimony outside the jury room. *King v. Jones,* 319 F.Supp. 653 (N.D.Ohio 1970); *In re Grand Jury Summoned October 12, 1970, supra; In re Russo,* 53 F.R.D. 564 (E.D.Cal.1971).

▇▇▇ However, while Rule 6(e) imposes no condition of secrecy on witnesses, it does not lift the general veil of secrecy which covers grand jury proceedings. *Bast v. United States,* 542 F.2d 893 (4th Cir. 1976). One of the most important reasons behind the tradition of grand jury secrecy is to encourage witnesses to freely step forward and testify without fear of retaliation. *United States v. Procter & Gamble, supra.* This purpose has been stated as "the desire to create a sanctuary, inviolate to any intrusion except on proof of some special and overriding need, where a witness may testify, free and unfettered by fear of retaliation." *State of Texas v. United States Steel Corp.,* 546 F.2d 626, 629 (5th Cir. 1977). When the witness chooses to disclose his testimony, this ground of grand jury secrecy remains unaffected. However, when another party is attempting to compel disclosure, the policy which requires secrecy must be balanced against the policy requiring that there be full disclosure of all available evidence in order that the ends of

justice may be served. *State of Texas v. United States Steel Corp., supra; Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Florida,* 323 F.2d 233 (5th Cir. 1963). The decision as to whether or not to order disclosure of grand jury testimony is one committed to the sound discretion of the trial court. *Pittsburg Plate Glass Co. v. United States,* 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *United States v. Fuentes,* 432 F.2d 405 (5th Cir. 1970); *In re Grand Jury Witness Subpoenas,* 370 F.Supp. 1282 (S.D.Fla.1974). Thus, a grand jury witness is protected against disclosure of his testimony by a district court's power to prevent such disclosure. *In re Brummitt,* 608 F.2d 640 (5th Cir. 1979), *citing* Fed.R. Crim.P. 6(e).

The United States Supreme Court has stated the standard to be applied in the following manner: "This 'indispensable secrecy of grand jury proceedings' ... must not be broken except where there is a compelling necessity. There are instances when that need will outweigh countervailing policy. But they must be shown with particularity." *United States v. Procter and Gamble Co., supra* 356 U.S. at 681–682, 78 S.Ct. at 985–986. This standard has been consistently applied by the Fifth Circuit. *See, State of Texas v. United States Steel Corp., supra; Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Florida, supra.*

In *United States v. Procter and Gamble Co., supra,* the Supreme Court stated that use of a grand jury transcript at trial to impeach a witness, to refresh his recollection, to test his credibility and the like constitutes a case of particularized need where the secrecy of the proceedings may be lifted discretely and limitedly. That case, and subsequent decisions, make it clear that a party through discovery may seek use of grand jury testimony to impeach a witness and to test his credibility. *United States v. Procter and Gamble Co., supra; State of Texas v. United States Steel Corp., supra; Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Florida, supra.* In addressing this issue, the Fifth Circuit has stated:

[D]isclosure of grand jury testimony is properly granted where there is a compelling need for such disclosure and such disclosure is required by the ends of justice. Disclosure even in these circumstances must be closely confined to the limited portions of the testimony for which there is found to be a particularized need.

*Allis-Chalmers Mfg. Co. v. City of Fort Pierce, Florida, supra* at 242.

■ The fact that grand jury testimony is relevant or useful is not sufficient in itself to compel disclosure. *Bast v. United States, supra.* Further, courts have stated that the general circumstance that another party has access to all of the information with respect to his testimony before the grand jury does not, standing alone, establish the particularized need sufficient to overcome the need for grand jury secrecy. *State of Texas v. United States Steel Corp., supra.* And, the mere possibility that a witness's testimony varied between grand juries or from that at trial has been held insufficient to pierce the veil of secrecy. *Bast v. United States, supra; United States v. Chase,* 372 F.2d 453 (4th Cir. 1967).

■ In their letter memorandum on this issue, defendants state only that evidence has been obtained through depositions that would tend to indicate that the plaintiff may be attempting to use a criminal proceeding to effect collection of a civil debt and that defendants are entitled to determine whether or not Mr. Kinsman's testimony as well as the information provided to the grand jury in document form are consistent with that being revealed through discovery in the civil action. This is not sufficient under the above-cited case law to show a particularized need for compelling Mr. Kinsman's testimony.

Plaintiff's counsel has emphasized that Mr. Kinsman was instructed by counsel not to answer any questions related to his testimony before the grand jury and that Mr. Kinsman was never asked whether or not he was willing to testify to those matters. If Mr. Kinsman wishes to answer those questions, he is not precluded from so doing

by Fed.R.Crim.P. 6(e) or the traditional policy of grand jury secrecy. However, if Mr. Kinsman declines to volunteer the requested information, defendants must present a more particularized need for the information than has thus far been presented to the Court.

In summary, defendants have failed to overcome the strong policy that grand jury secrecy must prevail in the absence of particular compelling need. The Court recognizes that defendants may, however, be able to make a sufficient showing at some later point. If so, the needs of justice may then require reexamination of this issue.