**UNITED STATES of America, Plaintiff,**

v.

**ATLANTIC CONTAINER LINE, LTD., et al., Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**Philip E. BATES et al., Defendants.**

**Crim. Nos. 79–271, 79–272.**

United States District Court, District of Columbia.

Dec. 19, 1980.

Order on Report Feb. 3, 1981.

Jerry S. Cohen, Kohn, Milstein & Cohen, Washington, D. C., for plaintiff.

John C. Fricano, John M. Nannes, Skadden, Arps, Slate, Meagher & Flom, Washington, D. C., for defendants.

## ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on the Motion and Memorandum in Support Thereof for Transfer of Grand Jury Materials to the Jurisdiction of the U.S. District Court for the Southern District of New York filed on behalf of all civil plaintiffs in "In Re Ocean Shipping Antitrust Litigation, MDL 395", and the Opposition thereto.

The release of Grand Jury materials depends on showing a particularized need for disclosure which exceeds the need for continued secrecy. It is the duty of the trial judge who presided over the criminal proceeding to determine the need for secrecy. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

The Justice Department has a procedure to communicate with the parties whose Grand Jury materials may be disclosed to determine the need for secrecy. The Jus-

tice Department writes to all of the parties informing them of the possibility of disclosure and instructs them to write to the Court where the criminal proceedings were conducted to voice any objections which they might have. This Court will follow the Justice Department procedure. Recognizing the need to move expeditiously in this case, the parties will have until January 15, 1981 to respond to the Court. Accordingly, it is by the Court this 19th day of December 1980,

ORDERED that the Justice Department carry forth this procedure as expeditiously as possible; and it is further

ORDERED that the Motion to Transfer the Grand Jury Materials be held in abeyance until the Justice Department procedure has been completed.

### ON REPORT

Pursuant to *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), this Court undertook in its December 19, 1980 order to determine the need, if any, for continued secrecy of the Grand Jury testimony and documents in the above-captioned matter. The Court employed the standard procedure of the Justice Department. The Justice Department wrote to each person who testified and/or produced documents or his counsel and to each company that produced documents. The letters explained the status of the civil antitrust cases and the request for disclosure of the Grand Jury materials, and instructed those individuals or companies who objected to the disclosure of their testimony or documents to write to this Court and outline the reasons for their objections. The time period for reply has expired and the Court has received objections to disclosure. This Court, of course, will keep all of the replies confidential.

■ The objections before the Court are valid and compelling ones. The objecting parties describe how disclosure would cause strain in and adversity to their careers, possibly creating intolerable job situations and job loss. Further, the parties emphasize and the Court recognizes the chilling effect which disclosure would have on future Grand Jury testimony because of the reliance of the parties on the secrecy of the Grand Jury proceedings. Accordingly, the evidence before the Court indicates that disclosure would not be appropriate at this time for those parties who have objected and the Court will withhold their Grand Jury materials at this time.

Having completed its determination of the need for continued secrecy, this Court will transfer the rest of the Grand Jury materials to the Southern District of New York for a determination by that Court as to the particularized need for disclosure.