UNITED STATES of America, Plaintiff,

v.

Richard STANTON and James Urie, Defendants.

No. 88–0156–CR.

United States District Court,
S.D. Florida.

May 16, 1988.

Thomas A.W. Fitzgerald, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Steven M. Harris, Miami, Fla., for defendant Stanton.

Alan L. Weisberg, Miami, Fla., for defendant Urie.

ORDER

HASTINGS, District Judge.

THIS CAUSE came before the Court on Defendants' Motion to Reconsider Order Granting Inspection of Grand Jury Documents. After careful consideration of the motion and memorandum of law and response thereto, and being fully advised, it is hereby

ORDERED AND ADJUDGED that the motion to reconsider is GRANTED. This Court's Order Permitting Inspection of Certain Grand Jury Documents is VACATED and the request by Painewebber Incorporated and Robert Diamond to inspect the grand jury documents is DENIED.

Richard Stanton (Stanton) and James Urie (Urie) are the named defendants in *criminal* case No. 88–0156–CR–HAS-

---

TINGS currently pending before this Court. Painewebber Incorporated (Painewebber) and Robert Diamond (Diamond) are named defendants in *civil* action No. 85–6632–CIV–GONZALES, in which arbitration has been compelled. Painewebber and Diamond had made an "emergency" application to this Court for release of certain grand jury documents under Rule 6(e), Federal Rules of Criminal Procedure, in light of impending arbitration set for early June, 1988. The Court granted the motion, accepting counsel's representation regarding the "emergency" nature of the request, and finding that on the record before the Court the requirements of *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 221, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979) had been satisfied. The order was entered without the benefit of a response from defendants Stanton and Urie.[1]

Following the request for reconsideration, a hearing was held on May 12, 1988. Based on the argument of counsel, the Court learned that the grand jury documents sought are tax returns and accounting records of several corporate entities for which defendant Stanton was a custodian. The United States Attorney's Office released these documents to Stanton and Urie as part of discovery in the criminal action. Painewebber and Diamond seek access to the documents claiming them to be necessary to their defense in the arbitration proceedings, especially in light of the related nature of the criminal and civil actions.[2] Of course, Stanton and Urie maintain these documents to be wholly unrelated to the civil action.

**1.** In their emergency request for stay of this Court's Rule 6(e) Order, the defendants' state that the motion filed by Painewebber and Diamond was not served on counsel for either defendant. Counsel for defendants Stanton and Urie acknowledge receipt of the motion on May 4, 1988, the day after this Court entered its Order.

**2.** In the criminal action, defendants Stanton and Urie have been charged in a sixteen-count indictment for multiple tax fraud and conspiracy. The civil action was filed by Stanton, Urie

### *Applicability of the Rule of Secrecy Under Fed.R.Crim.P. 6(e)*

Rule 6(e), Federal Rules of Criminal Procedure, establishes the rule of secrecy regarding "matters occurring before the grand jury". In addition, it sets forth the limited exceptions for disclosure of such material. As used in Rule 6(e), the phrase " 'matters occurring before a grand jury' has been defined to include anything that will reveal what transpired during the grand jury proceedings." *Phillips v. U.S.*, 843 F.2d 438, 441 (11th Cir.1988) (documents subpoenaed but never seen by grand jury not subject to restrictions of Rule 6(e)).

■ In this case, the documents[3] sought by Painewebber and Diamond were presented to the grand jury. By their very nature, the tax returns and accounting records would easily reveal the pattern of investigation by the grand jury. *Id.* Thus, these documents are protected from disclosure under by Rule 6(e). The only remaining question is whether Painewebber and Diamond have made a showing sufficient to overcome the rule of secrecy.

### *The 'Particularized Need' Showing*

■ In analyzing a request for grand jury documents under Rule 6(e), a court embarks with the proposition that "[i]n the absence of a clear indication in a statute or Rule, [the court] must always be reluctant to conclude that a breach of this secrecy has been authorized." *U.S. v. Sells Engineering, Inc.*, 463 U.S. 418, 425, 103 S.Ct. 3133, 3138, 77 L.Ed.2d 743 (1983). In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the Supreme Court enunciat-

and other plaintiffs against Painewebber and Diamond for violations of the Commodity Exchange Act, 7 U.S.C. § 6(b) and Florida Statutes §§ 517.301, 517.275, following losses to accounts for the purchase of futures contracts.

**3.** Painewebber had argued, and this Court noted in its order, that a distinction might exist between a request for grand jury transcripts of witnesses and a request for grand jury documents. *Phillips* makes no such distinction and effectively resolves any doubt on this point.

ed that a private civil litigant may overcome the presumption of secrecy and gain access to grand jury materials by demonstrating a "particularized need".[4] *Id.* at 222, 99 S.Ct. 1674. The Court further explained the standard used to define "particularized need":

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.

*Id.* Significantly, the Court noted that the veil of secrecy was not automatically lifted merely because the grand jury had ended its activities. *Id.* Similarly, the release of the transcripts to other parties did not affect the Court's inquiry because other factors supporting the presumption of secrecy remain, *Id.* at n. 13, especially where the disclosure has not been to the public at large. *Pakistan Int'l Airlines Corp. v. McDonnell Douglas Corp.*, 94 F.R.D. 566, 568 (D.C.D.C.1982). Moreover, where the same materials can be obtained through discovery or other routine avenues of investigation, disclosure should be denied. *See Cullen v. Margiotta*, 811 F.2d 698, 715 (2d Cir.1987).

■ Applying these principles to the present case, this Court concludes that Painewebber and Diamond have failed to demonstrate a particularized need for the grand jury materials. In examining the possible injustice to Painewebber and Diamond, this Court emphasized the impending arbitration proceedings in its original order. However, two important facts were revealed to the Court at the hearing and in the memoranda filed by Stanton and Urie. First, at the hearing counsel for Painewebber and Diamond acknowledged that arbitration would be continued in the event those proceedings conflicted with the scheduled trial date in the criminal action. The "emergency" request was not as urgent as had been represented to the Court in the moving papers. The likelihood of conflicting dates between the criminal trial and the civil arbitration is a distinct probability, and consequently, arbitration presumably would be continued. Painewebber and Diamond will then have ample time to seek discovery through the arbitration process. There is no real "need" which requires this Court to violate the sanctity of grand jury proceedings at this time. Second, this conclusion is buttressed by the memorandum to the motion for reconsideration which indicates that these parties had agreed on a method to exchange documents in the arbitration process, and any disagreements were to be submitted to the arbitration panel for ruling. *See* Transcript attached to motion to reconsider at 24–27. It is the duty of this Court to protect against the wholesale disclosure of grand jury documents, and therefore, the existence of an alternative method of obtaining such documents protects the grand jury process while significantly reducing the "need" and likelihood of prejudice to civil litigants from the denial of such an intrusive request.

Finally, the request by Painewebber and Diamond is little more than a generalized request for documents. Even the motion seeking disclosure is couched in non-specific terms which tend to support the conclusion that this excursion may be little more than a fishing expedition.[5] Counsel has argued, *inter alia,* that the documents will impact upon the credibility of the parties during arbitration. Yet, by his own admission, "a lot of it will be a swearing contest, not so much the documents." Transcript attached to motion to reconsider at 24. Balancing the competing interests involved within the context of this case, the motion for disclosure must be denied.

---

**4.** This standard equally applies to public parties. *Sells* at 444, 103 S.Ct. at 3148.

**5.** "PAINEWEBBER and DIAMOND believe that the documents sought are relevant and necessary to their defense in arbitration. It is be-

lieved that certain of the documents concern or relate to PAINEWEBBER accounts." Emergency Motion to Inspect Grand Jury Documents at 4.