LOCKHEED MARTIN CORPORATION, Plaintiff,

v.

The BOEING COMPANY, McDonnell Douglas Corporation, Boeing Launch Services, Inc., William Erskine, Kenneth Branch, and Larry Satchell, Defendants.

No. 603CV796ORL28KRS.

United States District Court, M.D. Florida, Orlando Division.

Jan. 5, 2005.

David S. Bloch, McDermott Will & Emery LLP, Palo Alto, CA, Kevin K. Ross, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Michael V. Elsberry, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, Michael F. Mason, Hogan & Hartson L.L.P. Washington, DC, Nathaniel H. Akerman, Dorsey & Whitney, New York City, Peter S. Spivack, Hogan & Hartson L.L.P., Raymond A. Jacobsen, Jr., McDermott, Will & Emery–Washington, Washington, DC, Terrence P. McMahon, McDermott, Will & Emery–California, Palo Alto, CA, Terry C. Young, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, Thomas L. McGovern, III, Hogan & Hartson L.L.P., Washington, DC, Richard S. Dellinger, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, for Lockheed Martin Corporation a Maryland corporation, Plaintiff.

Brad D. Brian, Munger, Tolles & Olson LLP, Los Angeles, CA, David B. King, King, Blackwell, Downs & Zehnder, P.A., Orlando, FL, David M. Rosenzweig, Munger, Tolles & Olson LLP, Dennis C. Brown, Munger, Tolles & Olson LLP, Gregory D. Phillips, Munger, Tolles & Olson LLP, Los Angeles, CA, John M. Devaney, Perkins Coie LLP, Kara M. Sacilotto, Wiley, Rein & Fielding, LLP, Washington, DC, Kristin Linsley Myles, Munger, Tolles & Olson, San Francisco, CA, Marc A. Becker, Munger, Tolles & Olson LLP, Los Angeles, CA, Martin P. Willard, Wiley, Rein & Fielding, LLP, Washington, DC, Mayanne Downs, King, Blackwell, Downs & Zehnder, P.A., Orlando, Michelle Friedland, Munger, Tolles & Olson LLP, San Francisco, CA, Richard E. Drooyan, Munger, Tolles & Olson LLP, Ronald K. Meyer, Munger, Tolles & Olson LLP, Los Angeles, CA, Scott M. McCaleb, Wiley, Rein & Fielding, LLP, Thomas W. Queen, Wiley, Rein & Fielding, LLP, Washington, DC, Thomas A. Zehnder, King, Blackwell, Downs & Zehnder, P.A., Orlando, FL, Benjamin S. Sharp, Perkins Coie LLP, Washington, DC, Gerry S. Gibson, Squire, Sanders & Dempsey, LLP, Traci H. Rollins, Squire, Sanders & Dempsey, LLP, West Palm Beach, FL, Richard M. Steingard, Los Angeles, CA, Thomas J. Pilacek, Thomas J. Pilacek & Associates, Winter Springs, William J. Colwell, Wiley, Rein & Fielding, L.L.P., Washington, DC, for Boeing Company a Delaware corporation, William Erskine, Kenneth Branch, Defendants.

### ORDER

SPAULDING, United States Magistrate Judge.

This cause came on for consideration after oral argument on the following motion filed herein:

| MOTION: | PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD ON THE BASIS OF GRAND JURY SECRECY (Doc. No. 554) |
|---|---|
| FILED: | November 18, 2004 |

THEREON it is **ORDERED** that the motion is **GRANTED.**

Plaintiff Lockheed Martin Corporation (Lockheed) seeks to compel Defendant The Boeing Company (Boeing) to produce documents withheld based on a claim of grand jury secrecy privilege. Lockheed contends that a grand jury witness, such as Boeing, cannot assert a claim of privi-

lege under Fed.R.Crim.P. 6(e). It argues, alternatively, that Boeing waived any claim of privilege by not timely asserting it and that, if a claim of privilege is recognized, it has a compelling need justifying disclosure of the information.[1]

### A. *Grand Jury Secrecy Privilege.*

■■■ Fed.R.Crim.P. 6(e) provides for secrecy of federal grand jury proceedings in limited circumstances. It reads, in pertinent part, as follows:

**(2) Secrecy.**

    **(A)** No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).

    **(B)** Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury:

        **(i)** a grand juror;

        **(ii)** an interpreter;

        **(iii)** a court reporter;

        **(iv)** an operator of a recording device;

        **(v)** a person who transcribes recorded testimony;

        **(vi)** an attorney for the government; or

        **(vii)** a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

Rule 6(e)(2)(B) does not impose a secrecy requirement on grand jury witnesses. *See In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records,* 864 F.2d 1559, 1564 (11th Cir.1989)(Rule 6(e) "does not of its own force impose" a secrecy obligation on grand jury witnesses); *accord* Advisory Notes to Rule 6(e)(2)("The rule does not impose any obligation of secrecy on witnesses."). It also does not provide for a privilege or protection upon which a witness may rely to withhold documents and information related to a grand jury investigation.

■■■ Nevertheless, courts have the authority to issue orders protecting a witness from disclosure of "matters occurring before a grand jury" if necessary to protect the policies underlying grand jury secrecy, which policies include preventing targets of an investigation from fleeing or tampering with witnesses or grand jurors, encouraging witnesses to appear voluntarily and speak fully and frankly, avoiding damage to the reputation of subjects or targets of the investigation who are not indicted, and encouraging grand jurors to investigate suspected crimes without inhibition and engage in unrestricted deliberations. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

Courts in this circuit have used their authority to prevent witnesses from disclosing information given to a grand jury in a limited number of circumstances. In one instance, a grand jury witness was precluded from discussing matters occurring before a grand jury upon a motion for closure made by the prosecuting attorneys. *See In re Subpoena to Testify Before Grand Jury,* 864 F.2d at 1561. In two other instances, courts protected witnesses from having to disclose testimony they gave to a federal grand jury, specifically relying on the policy of grand jury secrecy that allows a witness to "testify, free and unfettered by fear of retaliation." *Texas v. United States Steel Corp.,* 546 F.2d 626, 629 (5th Cir.1977); *accord Wm. Iselin & Co. v. Ideal Carpets, Inc.,* 510 F.Supp. 343 (N.D.Ga.1980).

Courts outside this circuit have rejected requests for protection when disclosure

---

1. Boeing contends that Lockheed did not adequately confer with it before filing the motion. I find that the parties complied with M.D. Fla. L.R. 3.01(g) as of the time that the motion was argued.

would not infringe any policy supporting grand jury secrecy. In *In re Sunrise Securities Litigation*, 130 F.R.D. 560 (E.D.Pa.1989), a court rejected a claim by a law firm that it had a "grand jury privilege" to withhold the following documents responsive to discovery requests in civil litigation:

> indices and documents produced to the grand jury, memoranda and correspondence among Blank Rome attorneys, correspondence between Blank Rome and counsel for various Sunrise officers, correspondence, between Blank Rome and the Assistant U.S. Attorney in charge of the investigation and motions.

*Id.* at 574. The court found that a grand jury witness does not have a privilege to withhold documents under Rule 6(e), noting that such a broad privilege "could be waived or asserted by a party at will without regard for the secrecy of grand jury proceedings." *Id.* at 575. Because the law firm cited no policy underlying grand jury secrecy that applied under the circumstances before the court, the law firm was ordered to produce the documents withheld under the claim of grand jury privilege. *Id.*

Similarly, in *In re Grand Jury Investigation of Uranium Industry*, Misc. 78–0173, 1978 WL 1434 (D.D.C. Nov. 1, 1978), the court compelled the Department of Justice to produce for use in civil litigation all documents submitted to a grand jury and all grand jury subpoenas issued during the investigation. The court found that "the documents and subpoena lists ... are not 'matters occurring before the grand jury' within the contemplation of Rule 6(e) and the policy of grand jury secrecy." *Id.* at *2. It noted, as well, that none of the policies underlying grand jury secrecy were undermined by the requested disclosure because the grand jury investigation at issue had ended and the companies that were investigated but not charged were already well known.

In the instant case, Boeing does not cite the principles underlying grand jury secrecy that would be supported by protection of withheld documents. The grand jury investigation is well known. There is no showing that individuals or entities that are subjects or targets of the grand jury discussed in the withheld documents have not already been revealed. The withheld documents do not reveal the identities of the grand jurors. The Assistant United States Attorneys involved in the grand jury investigation have not asserted that disclosure of the requested information would undermine the grand jury investigation.

Because Boeing has not established that any policy of grand jury secrecy would be undermined by disclosure of the withheld documents, it has failed to sustain its claim that the documents should not be produced. Accordingly, it is ORDERED that Boeing shall produce the documents withheld based on a claim of grand jury secrecy for inspection and copying by Lockheed on or before January 21, 2005.

### B. *The Remaining Issues.*

To aid the presiding district judge in review of this order, should such review be requested, I address the remaining issues raised.

#### 1. *"Matters Occurring Before the Grand Jury."*

At the hearing on the motion, Boeing withdrew its claim of grand jury secrecy as to the documents at Tabs 50, 51 and 52. It continues to assert other privileges as to these documents. *See Index of Documents Submitted In Camera Pursuant to Rule 6(e).*

The secrecy provisions of Rule 6(e) apply only to "matters occurring before the grand jury." The question of whether grand jury subpoenas and correspondence

discussing the scope of grand jury subpoenas are "matters occurring before the grand jury" is a legal question that has not been resolved in this circuit. The documents at issue are before the Court for *in camera* review. Therefore, it will not aid the district judge for me to address this purely legal issue in the context of its application to documents that are before the Court for review.

### 2. *Waiver.*

In its First Request for Production of Documents, Lockheed asked in requests 4, 5, 6, 7, 8, 96, and 106 for documents related to a criminal investigation concerning Boeing's possession and/or use of Lockheed Martin information, among other things. Lockheed contends that Boeing waived its claim that documents revealing matters occurring before a grand jury should be protected because it failed to assert this privilege or protection in its response to these requests. Boeing contends that it implicitly raised the grand jury secrecy objection when it objected to the requests for production of documents by Lockheed "to the extent that they seek the production of documents that may not be subject to disclosure under *applicable laws* . . . ." Doc. No. 586 at 3.

Lockheed filed a motion to compel production of documents responsive to requests 4 and 6 on March 15, 2004. (Doc. No. 174).[2] On April 21, 2004, I granted the motion to compel, in part, and required Boeing to disclose documents sought in requests number 4 and 6, which include documents submitted by or on behalf of Boeing to the government in connection with the criminal investigation. (Doc. No. 199). Thereafter, on May 3, 2004, and July 23, 2004, Boeing produced privilege logs that, for the first time, expressly asserted a claim of grand jury secrecy for some of the responsive documents.

■ Objections to discovery requests based on privileges or protections must be stated "expressly and shall describe the nature of the documents, communications, or things not produced or disclosed[.]" Fed.R.Civ.P. 26(b)(5). "To withhold materials without such notice is contrary to the rule . . . and may be viewed as a waiver of the privilege or protection." Advisory Committee Notes to Rule 26, 1993 Amendments.

Boeing's boilerplate objection did not expressly identify Rule 6(e) as a basis for its claim of protection. Boeing does not explain why it did not expressly assert its claim of grand jury secrecy until after my April 21, 2004 order. Litigation, particularly as complex as this case, cannot proceed efficiently to a conclusion if a party is allowed to assert its responses to discovery in such a piecemeal fashion. Therefore, I would find that Boeing waived its right to claim a privilege of grand jury secrecy, if such privilege existed, by failing to assert it timely.

■ Lockheed also contends that Boeing waived any claim of grand jury secrecy by questioning witnesses about their grand jury testimony and disclosing that information to others. Lockheed maintains that Boeing released to the Air Force at least one of the documents that it is withholding from discovery. However, none of the identifying document numbers cited by Lockheed correspond to any document produced to the Court for *in camera* review in connection with the instant motion. Further, Lockheed has not presented any law supporting its argument that disclo-

---

**2.** It would be helpful to the Court if the parties would provide the docket number for documents they refer to in the Court's file, rather than simply the name and date of the document.

sure of some matters occurring before a grand jury constitutes a waiver of protection for every matter occurring before a grand jury. Accordingly, I would conclude that this portion of Lockheed's waiver argument is unavailing, if the Court determines that a privilege of grand jury secrecy exists.

### 3. *Compelling and Particularized Need.*

■ Lockheed asserts that it needs the information withheld by Boeing to impeach witnesses who may testify that Boeing has been open, honest and forthright with Lockheed and all government officials. Young Decl., doc. no. 555 ¶ 6. With respect to need for the information for impeachment purposes, Lockheed must first show through depositions that witnesses will testify that Boeing has been open, honest and forthright with Lockheed and all government officials. *See In re Grand Jury Testimony,* 832 F.2d 60, 63 (5th Cir.1987). It has not provided the Court with such testimony in support of the instant motion.

■ Lockheed also contends that it needs the withheld information to show that Boeing concealed its theft of Lockheed's confidential, proprietary and trade secret information from the grand jury. Lockheed cites to various paragraphs in its Amended and Supplemental Complaint (doc. no. 233) as support for its claim that evidence that Boeing concealed information from the grand jury would be relevant and admissible in this case. None of the cited paragraphs allege that Boeing concealed information from the grand jury, although the complaint speaks generally to concealment of information from the government. However, it would be my view that Lockheed has not adequately articulated the legal basis of its assertion that discovery of the withheld documents would lead to the discovery of *admissible* evi-

dence in the instant case. Based on the current record, therefore, I would find that Lockheed has not established compelling and particularized need for disclosure of the documents withheld on the basis on grand jury secrecy, assuming that such a privilege existed.